1  Michael E. McCarthy (SBN 301010)
2  mccarthyme@gtlaw.com
   Layal Bishara (SBN 329154)
3  bisharal@gtlaw.com
4  **GREENBERG TRAURIG, LLP**
   1840 Century Park East, Suite 1900
5  Los Angeles, CA 90067
6  Tel: (310) 586-7700
   Fax: (310) 586-7800
7
8  Attorneys for Defendant
   JPMORGAN CHASE & CO.
9

10                    **UNITED STATES DISTRICT COURT**

11                    **SOUTHERN DISTRICT OF CALIFORNIA**

12

13  JOSEPH N. MULLIS, an individual,        CASE NO. **'23CV2106 LAB BGS**
14              Plaintiff,
                                            **DEFENDANT JPMORGAN CHASE
15  vs.                                     & CO.'S NOTICE OF REMOVAL OF
                                            ACTION PURSUANT TO 28 U.S.C. §§
16  J.P. MORGAN CHASE & CO., a              1332, 1441, AND 1446**
    Delaware corporation; and DOES 1 to 20,
17  inclusive,                              Action Filed in State Court: October 13,
                                            2023
18              Defendants.                 Complaint and Summons Served: October
19                                          19, 2023
                                            Action Removed: November 16, 2023
20
21
22
23
24
25
26
27
28

_____

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant JPMorgan Chase & Co. ("JPMC") hereby removes the action pending as *Joseph N. Mullis vs. J.P. Morgan Chase & Co. and DOES 1 through 20, inclusive*, Case No. 37-2023-00045078-CU-FR-NC, from the Superior Court of the State of California, County of San Diego – North County (the "State Court Action"), to the United States District Court for the Southern District of California. In support of this removal, JPMC hereby provides "a short and plain statement of the grounds for removal" pursuant to 28 U.S.C. § 1446(a).[1, 2]

## JURISDICTION

1.      This Court has original jurisdiction over the State Court Action because it is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1332(a)(1), 1441(b). JPMC also is not a citizen of California, the state in which the State Court Action is brought. 28 U.S.C. § 1441(b)(2).

---

[1] If the Court requests additional information or removal is challenged, JPMC will provide evidence supporting the Court's jurisdiction, and JPMC requests the opportunity to brief any disputed issues and to present oral argument, if necessary. *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 84 (2014) (a removing defendant is only required to provide a "short and plain statement" of the bases for removal and need not present or plead evidentiary detail); *Janis v. Health Net, Inc.*, 472 F. App'x 533, 534 (9th Cir. 2013) ("Nothing in 28 U.S.C. § 1446 requires a removing defendant to attach evidence of the federal court's jurisdiction to its notice of removal. Section 1446(a) requires merely a 'short and plain statement of the grounds for removal.'") (citations omitted); *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 924 (9th Cir. 2019) ("[W]hen a notice of removal plausibly alleges a basis for federal court jurisdiction, a district court may not remand the case back to state court without first giving the defendant an opportunity to show by a preponderance of evidence that the jurisdictional requirements are satisfied.").

[2] This Notice of Removal is filed subject to and without waiver that JPMC is not a proper party to this action or of any rights to seek mandatory arbitration of this dispute. In addition, any recitation in this Notice of facts alleged by Plaintiff in the Complaint are not and should not be construed as an admission or acknowledgment by JPMC that any such facts are accurate or correct.

**VENUE**

2.     The State Court Action was filed in the Superior Court of the State of California, County of San Diego – North County. Venue properly lies in the United States District Court for the Southern District of California. 28 U.S.C. §§ 84(d),1441(a).

**REMOVAL IS TIMELY**

3.     A notice of removal is to be filed within thirty days of service of an initial pleading or other document from which it is ascertainable that the case is removable. 28 U.S.C. § 1446(b)(1).

4.     JPMC was served with a copy of the Complaint on October 19, 2023.

5.     JPMC's deadline for removal is November 18, 2023.

6.     Therefore, this Notice of Removal is timely.

**NO OTHER DEFENDANTS**

7.     JPMC is presently the only named defendant in this lawsuit, and thus "all defendants who have been properly joined and served" consent to the removal of this action. 28 U.S.C. § 1446(b)(2)(A).

**ORIGINAL JURISDICTION PURSUANT TO 28 U.S.C. § 1332(a)**

8.     This Court has jurisdiction over the State Court Action under 28 U.S.C. § 1332(a). Under section 1332, federal courts have original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a)(1). Both requirements are satisfied here. There is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**Nature of Action and Claims**

9.     The Complaint relates to the 2017 acquisition and sale of global mobility company Neology, Inc. ("Neology"). (*See* Complaint, attached as **Exhibit ("Exh.") A**.) Plaintiff alleges that he was an employee of Neology beginning in 2003. (*See* Exh. A, ¶ 9.) He alleges that, in December 2011, Smartrac N.V. ("Smartrac") purchased a majority stake in Neology. (*Id.*, ¶ 11.) He further alleges that, prior to that purchase, One Equity

Partners ("OEP")—"the then private investment arm of [JPMC]—[had] acquired a majority stake" in Smartrac. (*Id.*, ¶ 10.)

10.    Plaintiff alleges that, in June 2012, he was offered the ability to invest in the Smartrac Management Equity Program (Smartrac MEP), through which he subsequently invested at least $50,000. (*Id.*, ¶¶ 12-14, 18.)[3] He alleges that, in the case of "disinvestment of Neology," the MEP's value would be "based on the related valuation of Neology." (*Id.*, ¶ 13.)

11.    According to Plaintiff, in September 2017, Neology was acquired from Smartrac and "valued at that time by J.P. Morgan, and J.P. Morgan held Neology's debt . . . . . As part of the sale of Neology, [Plaintiff] was informed that his $50,000.00 loaned investment in the Smartrac MEP had a value of $0 and to sign a release of the Smartrac MEP." (*Id.*, ¶¶ 16, 18.) Plaintiff further alleges that "[u]pon information and belief, J.P.Morgan transferred valuable intellectual property from Neology to Smartrac in order to devalue Neology at the time of the sale." (*Id.*, ¶ 17.) Among other things, Plaintiff claims that he was given false or incomplete information in relation to the Neology sale and that he suffered damages due to an alleged "scheme to deflate Neology's 'Fair Market Value.'" (*Id.*, ¶¶ 17-21.)

12.    The Complaint includes causes of action for fraudulent inducement, fraudulent concealment, negligent misrepresentation, and violation of California Penal Code § 496. Among other forms of relief, Plaintiff seeks actual damages, punitive damages, treble damages under Penal Code § 496(c), and attorney's fees. (*Id.*, ¶¶ 29, 39, 52-53, Prayer for Relief.)

13.    JPMC denies Plaintiff's claims, denies any alleged wrongdoing, and denies that Plaintiff is entitled to any relief sought against JPMC.

### **Complete Diversity of Citizenship Exists Between the Parties**

14.    Diversity is determined by the citizenship of the parties at the time of

---

[3] JPMC is informed and believes that the investment was actually €50,000, or about $62,765 based on the average June 2012 U.S. Dollar to Euro conversion rate.

removal. A natural person is a citizen of the state in which he or she is domiciled. 28 U.S.C. § 1391(c)(1); *see Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A person's domicile is established by physical presence and an intent to remain there indefinitely. *See Kanter*, 265 F.3d at 857 (citing *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986)).

15.     Plaintiff alleges that he is currently "a resident of the State of California, County of San Diego, City of Oceanside." (Exh. A, ¶ 4.) In addition, he alleges that he was a "resident of the State of California, County of San Diego, City of Oceanside" at "all relevant times referenced" in the Complaint—meaning he alleges he has been a resident of California for about 18 years, from 2003 to present. (*See id.*, ¶¶ 4, 9-21.) JPMC's independent investigation and review of publicly available information also showed that Plaintiff has owned residential property in San Diego County since at least 2007, and that Plaintiff has been employed in San Diego County since at least 2003. This long-standing residency and employment in California confirms an "intent to remain" and that Plaintiff is domiciled in, and thus a citizen of, California. *See, e.g.*, *Bratton v. FCA US LLC*, 2017 WL 11687946, at *4 (N.D. Cal. June 22, 2017) (finding domicile appropriately shown because "Plaintiffs are not only residents of California, but long-standing residents of California"); *Saldana v. Home Depot USA, Inc.*, 2016 WL 3391808, at *2 (E.D. Cal. June 20, 2016) ("The court finds defendant has adequately established plaintiff is a citizen of California based on her long employment history [8 years] in California as well as plaintiff's own assertions regarding her residency.").

16.     The citizenship of a corporation depends on the company's state of incorporation and principal place of business. 28 U.S.C. § 1332(c)(1). JPMC is, and was when Plaintiff commenced the State Court Action, a Delaware corporation with its principal place of business in New York, New York. JPMC is therefore a citizen of Delaware and New York.

17.     Doe defendants are disregarded when determining diversity jurisdiction for removal. 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on

the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded"); *Aguilar v. McKesson Corp.*, 2016 WL 2616529, at \*2 (E.D. Cal. May 6, 2016) ("[T]he citizenship of the unidentified Doe defendants is immaterial for determining diversity jurisdiction.").

18.    Accordingly, there is complete diversity of citizenship between Plaintiff and JPMC.

### The Amount-in-Controversy Requirement Is Met

19.    "In measuring the amount in controversy, a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (citations and bracketing omitted).

20.    "A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co.*, 574 U.S. at 89.

21.    The amount in controversy includes potential general and special damages, punitive damages, as well as attorney's fees if recoverable by statute or contract.  *See, e.g.*, *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 449-450 (S.D. Cal. 1995); *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002).

22.    The amount in controversy also includes treble damages or civil penalties authorized by statute. *See Newson v. Allstate Ins. Co.*, 2018 WL 6164290, at \*2 (C.D. Cal. July 24, 2018); *McDaniel v. L Brands, Inc.*, 2016 WL 6126257, at \*3 (C.D. Cal. Oct. 20, 2016).

23.    The amount in controversy in this case exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).[4] Plaintiff seeks damages in relation to the acquisition and

---

[4] JPMC denies that it has any liability whatsoever to Plaintiff and disputes that the amounts sought in the Complaint are recoverable against JPMC. *See Lewis v. Verizon Comm., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("[T]he amount in controversy is simply an

sale of global mobility company Neology. At minimum, Plaintiff alleges that he suffered damages in the full amount of his investment in the Smartrac MEP, totaling at least $50,000. (*See* Exh. A, ¶ 18.) In addition, under California Penal Code § 496(c), Plaintiff seeks "three (3) times the amount of his actual damages[,]" or **$150,000**. (Exh. A, ¶¶ 52-53); *Francis v. Wyndham Vacation Resorts, Inc.*, 2019 WL 1417361, at *2 (S.D. Cal. Mar. 29, 2019) (upholding removal based, in part, on plaintiff's requested treble damages); *Chess v. CF Arcis IX LLC*, 2020 WL 4207322, at *4 (N.D. Cal. July 22, 2020) ("Here Plaintiffs are making claims for treble damages based on the value of their deposits. . . . Treble damages are easy to calculate through multiplication. Therefore, due to the claims for treble damages in the first cause of action, the amount in controversy is met."); *Newson*, 2018 WL 6164290, at *2 (amount in controversy met because plaintiff sought $30,000 in compensatory damages trebled).[5]

24.     Plaintiff also seeks punitive damages in relation to the alleged fraud he references in the State Court Action, as well as recovery for his attorneys' fees. Based on Plaintiff's alleged actual damages of at least $50,000, the amount-in-controversy requirement is met for these independent reasons. *See, e.g.*, *EEOC v. Farmer Bros. Co.*, 31 F.3d 891, 904 (1994) (affirming award of punitive damages ten-times the awarded compensatory damages); *Fritsch v. Swift Transp.*, 899 F.3d 785, 794 (9th Cir. 2018) ("a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met"); *Linlor v. NRA of Am.*, 2017 WL 1838959, at *3 (S.D. Cal. May 8, 2017) (amount in controversy satisfied where gap in

estimate of the total amount in dispute, not a prospective assessment of defendant's liability."); *Graham Plumbing & Drain Cleaning v. Colony Ins. Co.*, 2019 WL 9607730, at *2 (C.D. Cal. July 16, 2019) ("'The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will <u>actually</u> owe.'") (emphasis in original) (citations omitted).

[5] The Court also may exercise supplemental jurisdiction over any other claims in the Complaint even if those are below the $75,000 threshold because they are part of the same controversy. *Chess*, 2020 WL 4207322, at *5.

claim for actual damages of less than $75,000 was filed by claim for punitive damages); *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002) (similar). Indeed, if punitive damages were just 75% of Plaintiff's alleged actual damages, the amount in controversy would be met easily (75% of $50,000 is $37,500, and $37,500 + $50,000 = $87,500). *See, e.g.*, *Huy Fong Foods, Inc. v. Underwood Ranches, LP*, 66 Cal. App. 5th 1112, 1120 (2021) (affirming jury verdict of $13.32 million compensatory damages and $10 million punitive damages (about 75%) on claim that fraudulent concealment induced business investment loss).

25.    Accordingly, the requisite amount in controversy for diversity actions set forth in 28 U.S.C. § 1332(a) is satisfied.

## COMPLIANCE WITH STATUTORY REQUIREMENTS

26.    Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders in the State Court Action served upon JPMC or available on the Superior Court, County of San Diego website as of this date of removal are attached as **Exhibits A and B**. For the Court's ease of reference, these documents consist respectively of: Plaintiffs' Summons and Complaint (**Exh. A**) and the remainder of the state court file (**Exh. B**).

27.    Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be promptly filed with the Superior Court of California, County of San Diego – North County.

28.    Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given promptly to all adverse parties.

## RESERVATION OF RIGHTS AND DEFENSES

29.    By filing this Notice of Removal, JPMC does not waive any defenses that may be available to it and reserves all such defenses. In addition, JPMC does not concede that Plaintiff has stated any claim upon which relief may be granted, or that Plaintiff is entitled to any relief of any nature.

30.    The undersigned counsel for JPMC has read the foregoing and signs the Notice of Removal pursuant to 28 U.S.C. 1446(a).

WHEREFORE, JPMC removes the State Court Action to this Court from the Superior Court of the State of California for the County of San Diego.

Dated: November 16, 2023                    GREENBERG TRAURIG, LLP

                                       By:   /s/ Michael E. McCarthy
                                             Michael E. McCarthy
                                             Email: mccarthyme@gtlaw.com
                                             Attorneys for Defendant
                                             JPMORGAN CHASE & CO.

# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
J.P. MORGAN CHASE & CO., a Delaware corporation; and DOES 1 through 20, inclusive,

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**10/13/2023** at 02:54:15 PM
Clerk of the Superior Court
By Irma Ledesma,Deputy Clerk

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JOSEPH N. MULLIS, an individual,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*  Superior Court of California, San Diego County<br>North County Regional Center<br>325 South Melrose Drive, Vista, California 92081 | CASE NUMBER: *(Número del Caso):*<br>37-2023-00045078-CU-FR-NC |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
John E. Lord, Skiermont Derby LLP, 633 West Fifth Street, Suite 5800, Los Angeles, California 90071; Telephone: (213) 788-4500

| DATE:  10/18/2023<br>*(Fecha)* | Clerk, by<br>*(Secretario)*  I. Ledesma | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [X] on behalf of *(specify):* J.P. MORGAN CHASE & CO., a Delaware corporation

   under: [X] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)      [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
   [ ] other *(specify):*
4. [ ] by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**   [ Print this form ]  [ Save this form ]   [ Clear this form ]

PAUL B. DERBY [SBN 211352]
pderby@skiermontderby.com
JOHN E. LORD [SBN 216111]
jlord@skiermontderby.com
MANE SARDARYAN [SBN 287201]
msardaryan@skiermontderby.com
SKIERMONT DERBY LLP
633 West Fifth Street, Suite 5800
Los Angeles, California 90071
Telephone:    (213) 788-4500
Facsimile:    (213) 788-4545

Attorneys for Plaintiff
JOSEPH N. MULLIS

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
10/13/2023 at 02:54:15 PM
Clerk of the Superior Court
By Irma Ledesma, Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO – NORTH COUNTY

| | |
|---|---|
| JOSEPH N. MULLIS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>J.P. MORGAN CHASE & CO., a Delaware corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 37-2023-00046078-CU-FR-NC<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. FRAUDULENT INDUCEMENT**<br><br>**2. FRAUDULENT CONCEALMENT**<br><br>**3. NEGLIGENT MISREPRESENTATION**<br><br>**4. VIOLATION OF CAL. PENAL CODE § 496**<br><br>**DEMAND FOR JURY TRIAL** |

1    Plaintiff Joseph N. "Joe" Mullis ("Plaintiff") hereby complains against Defendants J.P.

2  Morgan Chase & Co. ("J.P. Morgan") and Does 1 through 20, inclusive ("Does," and collectively

3  with J.P. Morgan, "Defendants"), and alleges as follows:

4                              **JURISDICTION AND VENUE**

5    1.    This Court has subject matter jurisdiction over this lawsuit because Plaintiff brings

6  claims under the statutory and common laws of the State of California.

7    2.    This Court has general personal jurisdiction over the parties because each resides

8  and/or regularly conducts business in the State of California, has engaged in conduct in and aimed at

9  the State of California, maintains systematic and continuous business and personal contacts with the

10 State of California, and/or has consented to jurisdiction in California, as alleged in this Complaint.

11   3.    Venue is proper in this Court pursuant to California Code of Civil Procedure sections

12 395(a) and 395.5 because a substantial part of the events at issue took place in the State of California

13 in and for the County of San Diego, and Plaintiff was injured in this County given that he resides in

14 this County.  Also, on information and belief, J.P. Morgan regularly transacts business and maintains

15 multiple offices and employees in this County.

16                                  **THE PARTIES**

17   4.    Plaintiff Joe Mullis ("Mullis") is and was at all relevant times referenced herein a

18 resident of the State of California, County of San Diego, City of Oceanside.

19   5.    Defendant J.P. Morgan Chase & Co. ("J.P. Morgan") is a publicly-traded Delaware

20 corporation headquartered in New York City, New York.

21   6.    Mullis is ignorant of the true names and capacities of the defendants sued herein as

22 Does 1 through 20, and therefore sues those defendants by such fictitious names.  (Does 1 through

23 20, with Defendant J.P. Morgan, are collectively referred to herein as the "Defendants.")  Mullis will

24 amend this Complaint to allege their true names and capacities when and if ascertained.  Mullis is

25 informed and believes and thereon alleges that each fictitiously-named Defendant is responsible in

26 some manner for the events, conduct, and occurrences alleged herein, and that Mullis's damages as

27 alleged herein were proximately caused by each of the fictitiously-named Defendants.

28   7.    Mullis is informed and believes and thereon alleges that at all relevant times

29 referenced herein, each Defendant, whether expressly or fictitiously named, in addition to acting for

30 himself, herself, or itself and on his, her, or its own behalf individually, is and was acting as the

31 agent, servant, employee, partner, joint-venturer, or representative of, and with the knowledge,

32 consent, and permission of, and in conspiracy with, each and all of the Defendants and within the

33 course, scope, and authority of that agency, service, employment, partnership, joint venture, and

SKIERMONT DERBY
LLP
Los Angeles
Dallas

1

1  conspiracy. Mullis further alleges on information and belief that the acts of each of the Defendants
2  were fully ratified by each and all of the Defendants. Specifically, and without limitation, Mullis
3  alleges on information and belief that the actions and breaches alleged herein and attributed to one or
4  more specific Defendants were approved, ratified, and done with the cooperation and knowledge of
5  each and all of the Defendants.

6        8.      Mullis is informed and believes and thereon alleges that there exists, and at all
7  relevant times referenced herein there existed, a unity of interests between Defendants such that any
8  individuality and separateness between Defendants has ceased, and adherence to the fiction of the
9  separate existence of Defendants would permit an abuse of the corporate privilege, sanction fraud,
10  and promote injustice.

11                            **GENERAL FACTUAL ALLEGATIONS**

12       9.      Mullis first began working at Neology, Inc. ("Neology") in 2003.

13       10.     In December 2010, One Equity Partners ("OEP")—the then private investment arm of
14  J.P. Morgan—acquired a majority stake in SMARTRAC N.V. ("Smartrac") through OEP
15  Technologie B.V., an acquisition company controlled by OEP.

16       11.     In December 2011, Smartrac purchased a majority stake in Neology.

17       12.     As part of his new employment agreement based on the purchase of Neology, Mullis
18  was offered to participate in the Smartrac Management Equity Program ("Smartrac MEP").

19       13.     In June 2012, Smartrac confirmed that Mullis was invited to join the Smartrac MEP
20  that, in case of disinvestment of Neology, would be based on the related valuation of Neology.

21       14.     In May 2014, Mullis was offered a stake in OEP Technologie B.V., together with its
22  direct and indirect subsidiaries including Smartrac.

23       15.     In January 2015, OEP was spun-off from J.P. Morgan.

24       16.     In September 2017, OEP completed the acquisition of Neology from Smartrac.
25  Neology was valued at that time by J.P. Morgan, and J.P. Morgan held Neology's debt.

26       17.     Upon information and belief, J.P. Morgan transferred valuable intellectual property
27  from Neology to Smartrac in order to devalue Neology at the time of the sale.

28       18.     As part of the sale of Neology, Mullis was informed that his $50,000.00 loaned
29  investment in the Smartrac MEP had a value of $0 and to sign a release of the Smartrac MEP.

30       19.     In response, Mullis first asked Philipp von Meurers of OEP and then Christian Uhl—
31  CEO of Smartrac—for additional information regarding the basis for the valuation of Mullis's
32  interest in the Smartrac MEP (the "Smartrac MEP Valuation"). Specifically, Mullis wanted to

33

*SKIERMONT DERBY LLP*
*Los Angeles*
*Dallas*

2

1  confirm the value of the sale of Neology and whether that value had been included in the fair market
2  value determination for the Smartrac MEP.

3      20.    Mullis also wanted to confirm what value had been ascribed to Neology.  Mullis was
4  never provided with the details of the agreement to purchase Neology or the valuation of Neology by
5  J.P. Morgan (the "Neology MEP Valuation") and conclusions therein.  Dr. Jörg Zirener, Neology's
6  senior managing director, served as a representative of J.P. Morgan; and, on information and belief,
7  J.P. Morgan was responsible for the Neology MEP Valuation.

8      21.    J.P. Morgan's refusal to provide information regarding the Smartrac MEP Valuation,
9  the Neology MEP Valuation, and conclusions therein was, on information and belief, part of the
10 scheme to deflate Neology's "Fair Market Value" and conceal the same from Mullis and others
11 forced to release their Partial Partnership Interest in Smartrac.

12                          **FIRST CAUSE OF ACTION**

13       **(Fraudulent Inducement of Smartrac MEP Release – Against All Defendants)**

14     22.    Mullis incorporates the allegations of Paragraphs 1 through 21 above as if set forth
15 fully herein.

16     23.    Defendants made a series of statements to Mullis in and around September 2017
17 regarding the Smartrac MEP Valuation and Neology MEP Valuation.

18     24.    Upon information and belief, J.P. Morgan's misrepresentations, concealments, and
19 omissions regarding the Smartrac MEP Valuation and the Neology MEP Valuation were both false
20 and intentionally false, intended to cause Mullis to rely upon, and keep from Mullis the money to
21 which he was rightfully entitled under the Smartrac MEP.

22     25.    Mullis did rely upon the statements to him by Defendants, and reasonably so.

23     26.    Mullis was harmed as a result of the false and deceptive statements made by
24 Defendants when Mullis signed a release of the Smartrac MEP based on representations that he was
25 not entitled to any payout from the Smartrac MEP when, in fact, he would have been entitled to a
26 payout if the Smartrac MEP Valuation and the Neology MEP Valuation had been properly
27 calculated.

28     27.    Mullis was harmed in an amount to be proven at trial, but in excess of the
29 jurisdictional minimum of this Court.

30     28.    Mullis's reliance on Defendants' misstatements was a substantial factor in causing
31 Mullis's harm.

32     29.    Mullis is informed and believes, and therefore alleges, that Defendants acted with
33 malice, oppression, and fraud, and a deliberate intent to hurt and injure Mullis, or with conscious

SKIERMONT DERBY LLP
Los Angeles
Dallas

1 | disregard for Mullis's rights. Accordingly, an award of punitive damages is justified in an amount
2 | according to proof at trial.

### SECOND CAUSE OF ACTION

#### (Fraudulent Concealment – Against All Defendants)

30.   Mullis incorporates the allegations of Paragraphs 1 through 21 above as if set forth fully herein.

31.   In September 2017, Defendants made a series of representations to Mullis regarding the Smartrac MEP. When Mullis inquired about the Smartrac MEP Valuation, Defendants refused to provide any substantive information regarding the Smartrac MEP Valuation.

32.   Similarly, Defendants refused to provide any information to Mullis regarding the Neology MEP Valuation, which should have been taken into account in the Smartrac MEP Valuation.

33.   Defendants had a duty to truthfully disclose all material facts regarding the Smartrac MEP Valuation and the Neology MEP Valuation to Mullis as administrators of the Smatrac MEP.

34.   Upon information and belief, Defendants intended to conceal material facts, and separately to tell half-truths, to Mullis, knowing that Defendants were not disclosing materials facts or the whole truth, with the intent to deceive Mullis into acting as the Defendants wished for Mullis to act.

35.   Mullis did not know the whole truth, or the other facts, that were upon information and belief concealed, distorted, and otherwise withheld by Defendants.

36.   Had the omitted information been disclosed to Mullis, Mullis reasonably would have behaved differently in that he would not have released claims against the Smatrac MEP.

37.   Mullis was harmed in an amount to be proven at trial, but in excess of the jurisdictional minimum of this Court.

38.   Upon information and belief, the concealment and distortions of Defendants was a substantial factor in causing Mullis's harm.

39.   Mullis is informed and believes, and therefore alleges, that Defendants acted with malice, oppression, and fraud, and a deliberate intent to hurt and injure Mullis, or with conscious disregard for Mullis's rights. Accordingly, an award of punitive damages is justified in an amount according to proof at trial.

///
///
///

SKIERMONT DERBY
LLP
Los Angeles
Dallas

**THIRD CAUSE OF ACTION**

**(Negligent Misrepresentation – Against All Defendants)**

40.     Mullis incorporates the allegations of Paragraphs 1 through 21 above as if set forth fully herein.

41.     This cause of action (for Negligent Misrepresentation) is an alternative theory of liability to the intentional frauds alleged above.

42.     Upon information and belief, Defendants, and each of them, represented to Mullis that certain facts concerning the Smartrac MEP Valuation and the Neology MEP Valuation were true.

43.     Those representations were not true.

44.     Although the Defendants may have honestly believed that their representations were true, they had no reasonable grounds for that belief.

45.     Defendants intended for Mullis to rely upon the representations that they made to Mullis in and around September 2017.

46.     Mullis was harmed in an amount to be proven at trial, but in excess of the jurisdictional minimum of this Court.

**FOURTH CAUSE OF ACTION**

**(Violation of California Penal Code § 496 – Against All Defendants)**

47.     Mullis incorporates the allegations of Paragraphs 1 through 21 above as if set forth fully herein.

48.     California Penal Code section 484 defines "theft," and that section provides: "Every person who shall feloniously steal, take, carry, lead, or drive away the personal property of another, or who shall fraudulently appropriate property which has been entrusted to him or her, or who shall knowingly and designedly, by any false or fraudulent representation or pretense, defraud any other person of money, labor or real or personal property ... is guilty of theft."

49.     California Penal Code section 496(a) provides that: "Every person who buys or receives any property that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be so stolen or obtained, or who conceals, sells, withholds, or aids in concealing, selling, or withholding any property from the owner, knowing the property to be so stolen or obtained" is guilty of a public offense.

50.     California Penal Code section 496(a) further provides that "a principal in the actual theft of the property may be convicted pursuant to this section."

5

COMPLAINT FOR DAMAGES

SKIERMONT DERBY LLP

Los Angeles

Dallas

51.     J.P. Morgan actually stole, withheld, and/or aided in the concealment, sale, or withholding of Mullis's property, knowing that property had been withheld and/or obtained in a manner constituting theft. J.P. Morgan has facilitated and/or benefitted from that misconduct—the withholding of money that should have been paid to Mullis—in a manner constituting theft, fraudulent withholding, and necessary concealment, as alleged herein.

52.     Mullis has been injured by J.P. Morgan's conduct, which conduct represents a violation of California Penal Code section 496(a), in an amount to be proven at trial.

53.     Pursuant to subdivision (c) of Penal Code section 496, Mullis may (and here, does) bring a civil action for three (3) times the amount of his actual damages, costs, of suit, and reasonable attorneys' fees.

54.     Mullis is informed and believes, and therefore alleges, that J.P. Morgan acted with malice, oppression, and fraud, and a deliberate intent to hurt and injure Mullis, or with conscious disregard for Mullis's rights. Accordingly, an award of punitive damages is justified in an amount according to proof at trial.

### PRAYER FOR RELIEF

WHEREFORE, Mullis prays for judgment against Defendants as follows:

1.     For general, actual, and compensatory damages in an amount to be proven at trial;

2.     For pre- and post-judgment interest as permitted by law;

3.     For punitive damages as permitted by law;

4.     For reasonable attorneys' fees, litigation expenses, and costs as might be permitted by contract, statute, and/or other applicable law;

5.     For any and all other relief that the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff Joseph N. Mullis hereby demands a trial by jury on all issues so triable.

DATED: October 13, 2023                    SKIERMONT DERBY LLP


By: _____/s/ John E. Lord_____
PAUL B. DERBY .
JOHN E. LORD
MANE SARDARYAN

Attorneys for Plaintiff
JOSEPH N. MULLIS

COMPLAINT FOR DAMAGES

# EXHIBIT B

**SUPERIOR COURT OF CALIFORNIA**
## County of SAN DIEGO

**Register of Actions Notice**

| | | | |
|---|---|---|---|
| Case Number: | 37-2023-00045078-CU-FR-NC | Filing Date: | 10/13/2023 |
| Case Title: | MULLIS vs J.P. Morgan Chase & Co [IMAGED] | Case Age: | 33 days |
| Case Status: | Pending | Location: | North County |
| Case Category: | Civil - Unlimited | Judicial Officer: | Robert P Dahlquist |
| Case Type: | Fraud | Department: | N-29 |

### Future Events

| Date | Time | Department | Event |
|---|---|---|---|
| 12/22/2023 | 01:30 PM | N-29 | Motion Hearing (Civil) - Motion to Appear Pro Hac Vice |
| 03/22/2024 | 09:00 AM | N-29 | Civil Case Management Conference - Complaint |

### Participants

| Name | Role | Representation |
|---|---|---|
| J.P. MORGAN CHASE & CO. | Defendant | |
| Mullis, Joseph N. | Plaintiff | LORD, JOHN E |

### Representation

| Name | Address | Phone Number |
|---|---|---|
| LORD, JOHN E | 633 W Fifth Street 5800 Los Angeles CA 90071 | (213) 788-4500 |

| ROA# | Entry Date | Short/Long Entry | Filed By |
|---|---|---|---|
| 1 | 10/13/2023 | Complaint filed by Mullis, Joseph N.. Refers to: J.P. MORGAN CHASE & CO. | Mullis, Joseph N. (Plaintiff) |
| 2 | 10/13/2023 | Civil Case Cover Sheet filed by Mullis, Joseph N.. Refers to: J.P. MORGAN CHASE & CO. | Mullis, Joseph N. (Plaintiff) |
| 3 | 10/13/2023 | Original Summons filed by Mullis, Joseph N.. Refers to: J.P. MORGAN CHASE & CO. | Mullis, Joseph N. (Plaintiff) |
| 4 | 10/18/2023 | Summons issued. | |
| 5 | 10/13/2023 | Case assigned to Judicial Officer Dahlquist, Robert. | |
| 6 | 10/18/2023 | Civil Case Management Conference scheduled for 03/22/2024 at 09:00:00 AM at North County in N-29 Robert P Dahlquist. | |
| 7 | 10/18/2023 | Case initiation form printed. | |
| 8 | 10/23/2023 | Proof of Service of 30-day Summons & Complaint - Personal filed by Mullis, Joseph N.. Refers to: J.P. MORGAN CHASE & CO. | Mullis, Joseph N. (Plaintiff) |
| 9 | 11/08/2023 | Motion to Appear Pro Hac Vice (12/22/2023) filed by Mullis, Joseph N.. | Mullis, Joseph N. (Plaintiff) |
| 10 | 11/08/2023 | Notice - Other (12/22/2023) filed by Mullis, Joseph N.. | Mullis, Joseph N. (Plaintiff) |
| 11 | 11/08/2023 | Proposed Order (12/22/2023) submitted by Mullis, Joseph N. received but not filed on 11/08/2023. | Mullis, Joseph N. (Plaintiff) |
| 12 | 11/09/2023 | Motion Hearing (Civil) scheduled for 12/22/2023 at 01:30:00 PM at North County in N-29 Robert P Dahlquist. | |

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>John E. Lord (216111); Paul B. Derby (211352); Mane Sardaryan (287201)<br>Skiermont Derby LLP<br>633 West Fifth Street, Suite 5800, Los Angeles, California 90071 | FOR COURT USE ONLY |
| TELEPHONE NO.: (213) 788-4500    FAX NO. *(Optional):* (213) 788-4545<br>ATTORNEY FOR *(Name):* Plaintiff Joseph N. Mullis | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**10/13/2023** at 02:54:15 PM<br>Clerk of the Superior Court<br>By Irma Ledesma, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 325 South Melrose Drive
MAILING ADDRESS: Same
CITY AND ZIP CODE: Vista, California 92081
BRANCH NAME: North County Regional Center

CASE NAME:
Mullis v. J.P. MORGAN CHASE & CO.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | 37-2023-00045078-CU-FR-NC |
|---|---|---|---|---|
| [x] Unlimited<br>(Amount demanded exceeds $25,000) | [ ] Limited<br>(Amount demanded is $25,000) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT.: | Judge Robert P Dahlquist |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [x] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [x] punitive
4. Number of causes of action *(specify):* Four (4)
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 13, 2023

John E. Lord
_____
(TYPE OR PRINT NAME)

▶ /s/ John E. Lord
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

[Print this form]   [Save this form]   [Clear this form]



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2023-00045078-CU-FR-NC          CASE TITLE: MULLIS vs J.P. Morgan Chase & Co [IMAGED]

**NOTICE: All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:**

> **(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),**
> **(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), *and***
> **(3) the Notice of Case Assignment form (SDSC form #CIV-721).**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

**Potential Advantages and Disadvantages of ADR**
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| **Potential Advantages** | **Potential Disadvantages** |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

**Most Common Types of ADR**
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:**  A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:**  A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:**  A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute.  Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: | 325 S Melrose DRIVE |
| MAILING ADDRESS: | 325 S Melrose DRIVE |
| CITY AND ZIP CODE: | Vista, CA 92081-6695 |
| DIVISION: | North County |
| TELEPHONE NUMBER: | (760) 201-8029 |

| PLAINTIFF(S) / PETITIONER(S): |  Joseph N. Mullis |
|---|---|

| DEFENDANT(S) / RESPONDENT(S): | J.P. MORGAN CHASE & CO. |
|---|---|

MULLIS VS J.P. MORGAN CHASE & CO [IMAGED]

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL) | CASE NUMBER: |
|---|---|
| | 37-2023-00045078-CU-FR-NC |

## CASE ASSIGNED FOR ALL PURPOSES TO:

Judge:  Robert P Dahlquist                          Department: N-29

## COMPLAINT/PETITION FILED: 10/13/2023

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 03/22/2024 | 09:00 am | N-29 | Robert P Dahlquist |

**Case Management Conferences (CMCs) may be conducted virtually or in person.** Anyone wishing to appear remotely should visit the "Appearing for Hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:** The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):
- **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint. An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint. A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed. If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6). If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date. See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC. The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

# NOTICE OF E-FILING REQUIREMENTS
# AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases. Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing. E-filing is encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court. All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program." This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain. The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150. Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | | *FOR COURT USE ONLY* |
|---|---|---|
| STREET ADDRESS: | 325 S Melrose Drive | |
| MAILING ADDRESS: | 325 S Melrose Drive | |
| CITY AND ZIP CODE: | Vista CA 92081-6695 | |
| BRANCH NAME: | North County | |

| Short Title: MULLIS vs J.P. Morgan Chase & Co [IMAGED] | |
|---|---|

| **NOTICE OF CONFIRMATION OF ELECTRONIC FILING** | CASE NUMBER:<br>37-2023-00045078-CU-FR-NC |
|---|---|

San Diego Superior Court has reviewed the electronic filing described below. The fee assessed for processing and the filing status of each submitted document are also shown below.

**Electronic Filing Summary Data**

| | |
|---|---|
| Electronically Submitted By: | JOHN LORD |
| On Behalf of: | Joseph Mullis |
| Transaction Number: | 21837195 |
| Court Received Date: | 10/13/2023 |
| Filed Date: | 10/13/2023 |
| Filed Time: | 02:54 PM |
| Fee Amount Assessed: | $435.00 |
| Case Number: | 37-2023-00045078-CU-FR-NC |
| Case Title: | MULLIS vs J.P. Morgan Chase & Co [IMAGED] |
| Location: | North County |
| Case Type: | Fraud |
| Case Category: | Civil - Unlimited |
| Jurisdictional Amount: | > 25000 |

| **Status** | **Documents Electronically Filed/Received** |
|---|---|
| Accepted | Complaint |
| Accepted | Civil Case Cover Sheet |
| Accepted | Original Summons |

**Comments**

**Clerk's Comments:**
**Events Scheduled**

| Hearing(s) | | Date | Time | Location | Department |
|---|---|---|---|---|---|
| Civil Case Conference | Management | 03/22/2024 | 09:00 AM | North County | N-29 |

**Electronic Filing Service Provider Information**

| Service Provider: | LegalConnect |
|---|---|
| Email: | support@legalconnect.com |

---

10/18/2023                    **NOTICE OF CONFIRMATION OF FILING**

Contact Person:     LEGALCONNECT Support
Phone:              (800) 909-6859

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | *FOR COURT USE ONLY* |
|---|---|
| STREET ADDRESS:      325 S. Melrose | |
| MAILING ADDRESS:    325 S. Melrose | |
| CITY, STATE, & ZIP CODE: Vista, CA 92081-6695 | |
| BRANCH NAME:       North County | |

| PLAINTIFF(S):   Joseph N. Mullis |
|---|
| DEFENDANT(S): J.P. MORGAN CHASE & CO. |
| SHORT TITLE:   MULLIS VS J.P. MORGAN CHASE & CO [IMAGED] |

| **STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER:<br>37-2023-00045078-CU-FR-NC |
|---|---|

Judge: Robert P Dahlquist                                                                Department: N-29

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                       ☐ Non-binding private arbitration

☐ Mediation (private)                                     ☐ Binding private arbitration

☐ Voluntary settlement conference (private)      ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)                         ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (*specify e.g., private mini-trial, private judge, etc.*): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: *(Name)* _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                       Date: _____

_____                                 _____
Name of Plaintiff                                              Name of Defendant

_____                                 _____
Signature                                                        Signature

_____                                 _____
Name of Plaintiff's Attorney                               Name of Defendant's Attorney

_____                                 _____
Signature                                                        Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385.  Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated:  10/18/2023                                           _____
                                                                      JUDGE OF THE SUPERIOR COURT

| SDSC CIV-359 (Rev 12-10) | **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION** | Page: 1 |
|---|---|---|

1  PAUL B. DERBY [SBN 211352]
   pderby@skiermontderby.com
2  JOHN E. LORD [SBN 216111]
   jlord@skiermontderby.com
3  MANE SARDARYAN [SBN 287201]
   msardaryan@skiermontderby.com
4  SKIERMONT DERBY LLP
   633 West Fifth Street, Suite 5800
5  Los Angeles, California 90071
   Telephone:    (213) 788-4500
6  Facsimile:    (213) 788-4545

7  Attorneys for Plaintiff
   JOSEPH N. MULLIS
8

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**11/08/2023** at 03:43:00 PM

Clerk of the Superior Court
By Elizabeth Sanchez,Deputy Clerk

9         **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10        **FOR THE COUNTY OF SAN DIEGO – NORTH COUNTY**

11

12 JOSEPH N. MULLIS, an individual,

13            Plaintiff,

14 v.

15 J.P. MORGAN CHASE & CO., a Delaware
   corporation; and DOES 1 through 20, inclusive,
16

17            Defendants.

18

| | |
|---|---|
| Case No. 37-2023-00045078-CU-FR-NC | |
| [Honorable Robert P. Dahlquist, Dep't N-29] | |

**APPLICATION OF KEVIN P. POTERE TO APPEAR AS COUNSEL PRO HAC VICE FOR PLAINTIFF JOSEPH N. MULLIS; DECLARATION OF KEVIN P. POTERE IN SUPPORT THEREOF**

[*Filed concurrently with Notice of Application and (Proposed) Order*]

Date:      December 22, 2023
Time:      1:30 p.m.
Dept.:     N-29

**Reservation ID No.:    3049849**

Complaint Filed:       October 13, 2023

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

I, Kevin Potere, hereby apply for permission to appear as counsel *pro hac vice* for Plaintiff Joseph N. Mullis in the above-entitled matter.  Attached hereto is my declaration in support of this Application.

DATED:  November 8, 2023

_____
KEVIN P. POTERE

APPLICATION OF KEVIN P. POTERE TO APPEAR AS COUNSEL PRO HAC VICE FOR PLAINTIFF
JOSEPH N. MULLIS; DECLARATION OF KEVIN P. POTERE IN SUPPORT THEREOF

**DECLARATION OF KEVIN POTERE**

I, KEVIN POTERE, declare and state:

1.     I am an attorney at law, duly licensed to practice law in the State of Texas, and a partner with the law firm Skiermont Derby LLP.  I submit this declaration in support of the Application of Kevin P. Potere to Appear as Counsel Pro Hac Vice.  I have personal knowledge of the facts set forth in this declaration, and could competently testify to them if called upon to do so.

2.     My home address is 5615 Greenbrier Drive, Dallas, Texas 75209.  My office address is 1601 Elm Street, Suite 4400, Dallas, Texas 75201, Telephone: (214) 978-6624, Facsimile: (214) 978-6601, Email: kpotere@skiermontderby.com.

3.     I am a member in good standing of the bar in the State of Texas, and was admitted to practice in that state in July 2016.  Further, I am admitted to practice in the following courts: Texas (July 2016), New York (June 2009), Southern District of New York (October 2009), Eastern District of New York (July 2010), and Second Circuit Court of Appeals (April 2015).  I am a member of good standing in each of those courts.

4.     I have not been the subject of any disciplinary action by any court or bar association, and I am not currently suspended or disbarred in any court.

5.     In the past two years, I have not filed an application to appear as counsel *pro hac vice* in this state for any matter.

6.     I am not a resident of the State of California, not regularly employed in the State of California, and not regularly engaged in substantial business, professional, or other activities in the State of California.

7.     Paul B. Derby, John E. Lord, and Mane Sardaryan of Skiermont Derby LLP, 633 West Fifth Street, Suite 5800, Los Angeles, California 90071, Telephone: (213) 788-4500, Facsimile: (213) 788-4545, Emails: pderby@skiermontderby.com, jlord@skiermontderby.com, and msardaryan@skiermontderby.com, are California counsel in this matter for Plaintiff Joseph N. Mullis.

8.     I understand that if this Application is granted, I will be subject to the jurisdiction of the Courts of this State with respect to the law of this State governing the conduct of attorneys to the same extent as a member of the State Bar of California.  I shall familiarize myself and comply with the standards of professional conduct required of members of the State Bar of California, and understand that I will be subject to the disciplinary jurisdiction of the State Bar with respect to any of my acts occurring in the course of such appearance.  I understand that Article 5, chapter 4, division III of the Business and Professions Code and the Rules of Procedure of the State Bar govern in any

1

APPLICATION OF KEVIN P. POTERE TO APPEAR AS COUNSEL PRO HAC VICE FOR PLAINTIFF
JOSEPH N. MULLIS; DECLARATION OF KEVIN P. POTERE IN SUPPORT THEREOF

SKIERMONT DERBY LLP
Los Angeles
Dallas

investigation or proceeding conducted by the State Bar under Rule 9.40 of the California Rules of Court.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on November 8, 2023, at Dallas, Texas.


By: _____
      KEVIN P. POTERE

APPLICATION OF KEVIN P. POTERE TO APPEAR AS COUNSEL PRO HAC VICE FOR PLAINTIFF
JOSEPH N. MULLIS; DECLARATION OF KEVIN P. POTERE IN SUPPORT THEREOF

**Case Name:**  *Joseph N. Mullis v. J.P. Morgan Chase & Co.*
**Case No.:**     37-2023-00045078-CU-FR-NC

## <u>PROOF OF SERVICE</u>

**STATE OF CALIFORNIA, COUNTY OF SAN DIEGO – NORTH COUNTY**

     I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen (18) and not a party to the within action.  My business address is 633 West Fifth Street, Suite 5800, Los Angeles, California 90071.

     On November 8, 2023, I served the foregoing document titled **APPLICATION OF KEVIN P. POTERE TO APPEAR AS COUNSEL PRO HAC VICE FOR PLAINTIFF JOSEPH N. MULLIS; DECLARATION OF KEVIN P. POTERE IN SUPPORT THEREOF** on all interested parties to this action as follows:

### PLEASE SEE ATTACHED SERVICE LIST

☐  **(ELECTRONIC SERVICE BY E-MAIL)**  I caused electronic service of the above-titled document to be made in accordance with San Diego Superior Court Local Rules, California Rules of Court – Rule 2.251(b), California Code of Civil Procedure sections 1010.6, 1013(g), and 1013b, and the agreement of the parties, by successfully transmitting the same via e-mail from zthomas@skiermontderby.com to the e-mail address listed on the attached Service List.

☒  **(BY MAIL)**  I caused mail service of the above-titled document by placing a true copy of the same document in a sealed envelope addressed as listed on the attached Service List, and placing it for collection and mailing following ordinary business practices.  I am readily familiar with Skiermont Derby LLP's practice of collecting and processing correspondence for mailing.  Under that practice, it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.

☐  **(BY PERSONAL SERVICE)**  I caused the above-titled document to be electronically transmitted to Nationwide Legal for personal delivery to the address listed on the attached Service List.

☐  **(BY OVERNIGHT CARRIER)**  I caused the above-titled document to be delivered via FedEx for next-day delivery to the address listed on the attached Service List.

☐  **(COURTESY COPY BY E-MAIL)**  I caused the above-titled document to be delivered via e-mail from zthomas@skiermontderby.com to the e-mail address listed on the attached Service List.

☒  I declare under penalty of perjury under the laws of State of California that the above is true and correct.

     Executed on November 8, 2023, at Los Angeles, California.

_____
     Zi'Aujanae T. Ponton

1
2
3

**Case Name:** *Joseph N. Mullis v. J.P. Morgan Chase & Co.*
**Case No.:** **37-2023-00045078-CU-FR-NC**

<u>**SERVICE LIST**</u>

4
5

| | |
|---|---|
| Registered Agent – CT Corporation System | *Attorneys for Defendant J.P. Morgan Chase &* |
| 330 North Brand Boulevard, Suite 700 | *Co.* |
| Glendale, California 91203 | |

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33

SKIERMONT DERBY
LLP — Los Angeles
Dallas

PROOF OF SERVICE

PAUL B. DERBY [SBN 211352]
pderby@skiermontderby.com
JOHN E. LORD [SBN 216111]
jlord@skiermontderby.com
MANE SARDARYAN [SBN 287201]
msardaryan@skiermontderby.com
SKIERMONT DERBY LLP
633 West Fifth Street, Suite 5800
Los Angeles, California 90071
Telephone:   (213) 788-4500
Facsimile:   (213) 788-4545

Attorneys for Plaintiff
JOSEPH N. MULLIS

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

11/08/2023 at 03:43:00 PM

Clerk of the Superior Court
By Elizabeth Sanchez,Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF SAN DIEGO – NORTH COUNTY

| | |
|---|---|
| JOSEPH N. MULLIS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>J.P. MORGAN CHASE & CO., a Delaware corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 37-2023-00045078-CU-FR-NC<br>[Honorable Robert P. Dahlquist, Dep't N-29]<br><br>**NOTICE OF APPLICATION OF KEVIN P. POTERE TO APPEAR AS COUNSEL PRO HAC VICE FOR PLAINTIFF JOSEPH N. MULLIS; MEMORANDUM OF POINTS AND AUTHORITIES; SUPPORTING DECLARATION OF MANE SARDARYAN**<br><br>[*Filed concurrently with Application and Declaration of Kevin P. Potere and (Proposed) Order*]<br><br>Date:      December 22, 2023<br>Time:      1:30 p.m.<br>Dept.:      N-29<br><br>**Reservation ID No.:   3049849**<br><br>Complaint Filed:      October 13, 2023 |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on December 22, 2023, at 1:30 p.m., or as soon thereafter as the matter may be heard before the Honorable Robert P. Dahlquist in Department N-29 of the San Diego County Superior Court, located at 325 South Melrose Drive, Vista, California 92081, Kevin P. Potere, through the below-identified California counsel, will and does hereby apply to the Court pursuant to California Rules of Court, Rule 9.40, for an Order permitting him to appear as counsel *pro hac vice* for Plaintiff Joseph N. Mullis in the above-entitled matter.  Pursuant to California Rules of Court, Rule 9.40(c)(l), a copy of this Notice and supporting papers, accompanied by payment in the amount of $50.00, has been submitted to the State Bar of California via the online AIMS system.

This Application will be based upon this Notice, the attached Memorandum of Points and Authorities and Declaration of Mane Sardaryan, the concurrently filed Application of Kevin P. Potere to Appear as Counsel *Pro Hac Vice* and Declaration of Kevin P. Potere, and on such other oral and documentary evidence as may be presented at the hearing on this matter.

DATED:  November 8, 2023                    SKIERMONT DERBY LLP


By: _____
        PAUL B. DERBY
        JOHN E. LORD
        MANE SARDARYAN

        Attorneys for Plaintiff
        JOSEPH N. MULLIS

1

## **MEMORANDUM OF POINTS AND AUTHORITIES**

2

Kevin P. Potere submits this Memorandum of Points and Authorities in support of his

3

application for an Order permitting him to appear as counsel *pro hac vice* for Plaintiff Joseph N.

4

Mullis ("Plaintiff") in the above-entitled matter and requests that this Court grant his application

5

pursuant to California Rules of Court, Rule 9.40.

6

### **GOOD CAUSE EXISTS FOR PERMITTING KEVIN P. POTERE**

7

### **TO APPEAR AS COUNSEL PRO HAC VICE IN THIS ACTION**

8

The applicant, Kevin P. Potere, is a partner with the law firm Skiermont Derby LLP in its

9

Dallas office, is a member in good standing of the State Bar of New York (June 2009) and Texas

10

(July 2016), and is eligible to practice before the following courts:  Southern District of New York

11

(October 2009), Eastern District of New York (July 2010), and Second Circuit Court of Appeals

12

(April 2015).

13

Plaintiff has retained Mr. Potere to act as counsel on his behalf in this matter.  Accordingly,

14

Mr. Potere seeks permission, pursuant to California Rules of Court, Rule 9.40, to appear as counsel

15

*pro hac vice*.  Paul B. Derby, John E. Lord, and Mane Sardaryan, active members of the State Bar of

16

California, and Skiermont Derby LLP, in particular its Los Angeles office, will serve as California

17

counsel in this matter for Plaintiff.

18

California Rules of Court, Rule 9.40(a) provides that:

19
20
21
22
23
24
25

> A person who is not a member of The State Bar of California but
> who is a member in good standing of and eligible to practice before
> the bar of any United States court or of the highest court in any state,
> territory or insular possession of the United States, and who has been
> retained to appear in a particular cause pending in a court of this
> state, may in the discretion of such court be permitted upon written
> application to appear as counsel *pro hac vice*, provided that an active
> member of the State Bar of California is associated as attorney of
> record.

26

Under the Rule, the application must state (1) the applicant's residence and office address;

27

(2) the courts to which the applicant has been admitted to practice and the dates of admission;

28

(3) that the applicant is a member in good standing in those courts; (4) that the applicant is not

29

currently suspended or disbarred in any court; (5) the title of court and cause in which the applicant

30

has filed an application to appear as counsel *pro hac vice* in this state in the preceding two years, the

31

date of each application, and whether or not it was granted; and (6) the name, address, and telephone

32

number of the active member of the State Bar of California who is attorney of record.  California

33

Rules of Court, Rule 9.40(d).

SKIERMONT DERBY
LLP
Los Angeles
Dallas

There is good cause to grant Mr. Potere's application here.  Mr. Potere has prepared, and is filing concurrently, an application and declaration attesting to each of the factors considered under California Rules of Court, Rule 9.40, copies of which are incorporated herein by reference. Furthermore, true and correct copies of this Notice of Application, Memorandum of Points and Authorities, the concurrently filed Application of Kevin P. Potere to Appear as Counsel Pro Hac Vice and Declaration of Kevin Potere, and payment in the amount of $50.00 representing the processing fee contemplated by California Rules of Court, Rule 9.40(e), were submitted to the State Bar of California via the online AIMS system, as reflected in the Declaration of Mane Sardaryan.

As established above and in the accompanying application and declaration, Mr. Potere meets the requirements for *pro hac vice* admission.

## CONCLUSION

Based on the foregoing, Kevin P. Potere respectfully requests that the Court grant permission for him to appear as counsel *pro hac vice* for Plaintiff in the above-entitled matter.

DATED:  November 8, 2023

SKIERMONT DERBY LLP

By: _____

PAUL B. DERBY
JOHN E. LORD
MANE SARDARYAN

Attorneys for Plaintiff
JOSEPH N. MULLIS

NOTICE OF APPLICATION OF KEVIN P. POTERE TO APPEAR AS COUNSEL PRO HAC VICE FOR PLAINTIFF JOSEPH N. MULLIS; SUPPORTING DECLARATION OF MANE SARDARYAN

## DECLARATION OF MANE SARDARYAN

I, MANE SARDARYAN, declare and state:

1.      I am an attorney at law, member in good standing of the California State Bar, and licensed to practice before the Supreme Court of California and this Court.  I am a partner with the law firm Skiermont Derby LLP in its Los Angeles office, California counsel for Plaintiff Joseph N. Mullis in this lawsuit.  I submit this declaration in support of the Application of Kevin P. Potere to Appeal as Counsel Pro Hac Vice for Plaintiff.  I have personal knowledge of the facts set forth in this declaration.

2.      On November 8, 2023, I personally submitted to the State Bar of California via the online AIMS system a copy of the Notice of Application and Memorandum of Points and Authorities, the Application of Kevin P. Potere to Appear as Counsel Pro Hac Vice and Declaration of Kevin P. Potere, and payment in the amount of $50.00 representing the processing fee contemplated by California Rules of Court, Rule 9.40(e).  A true and correct copy of the confirmation page is attached hereto as Exhibit 1.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on November 8, 2023, at Los Angeles, California.


By: _____
                    MANE SARDARYAN

NOTICE OF APPLICATION OF KEVIN P. POTERE TO APPEAR AS COUNSEL PRO HAC VICE FOR PLAINTIFF JOSEPH N. MULLIS; SUPPORTING DECLARATION OF MANE SARDARYAN

# **<u>Exhibit 1</u>**

Pro Hac Vice Application

---

Payment transaction was successful.

Thank you for submitting your payment. It is currently being processed. Please allow 7 days for the bank to verify and process the payment. If there are any issues with your payment, you will be notified directly. A detailed breakdown of your transaction is below:

🖨 Print Receipt

**Payment Amount**
$ 51.25

**Payment Date**
11/08/2023

**Reference**
Payment from Sardaryan Administrative Account

---

Next

Pro Hac Vice Application

---

## Application Submitted!

Your Pro Hac Vice application has been submitted, successfully. A member of staff will review your application and get back to you, shortly.

You may close this window at this time. However, if you would like to submit another Pro Hac Vice application, click "Finish" to be directed to the Pro Hac Vice Instructions screen.

---

Finish

**Case Name:**   *Joseph N. Mullis v. J.P. Morgan Chase & Co.*
**Case No.:**      37-2023-00045078-CU-FR-NC

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF SAN DIEGO – NORTH COUNTY**

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen (18) and not a party to the within action.  My business address is 633 West Fifth Street, Suite 5800, Los Angeles, California 90071.

On November 8, 2023, I served the foregoing document titled **NOTICE OF APPLICATION OF KEVIN P. POTERE TO APPEAR AS COUNSEL PRO HAC VICE FOR PLAINTIFF JOSEPH N. MULLIS; MEMORANDUM OF POINTS AND AUTHORITIES; SUPPORTING DECLARATION OF MANE SARDARYAN** on all interested parties to this action as follows:

**PLEASE SEE ATTACHED SERVICE LIST**

☐   **(ELECTRONIC SERVICE BY E-MAIL)**  I caused electronic service of the above-titled document to be made in accordance with San Diego Superior Court Local Rules, California Rules of Court – Rule 2.251(b), California Code of Civil Procedure sections 1010.6, 1013(g), and 1013b, and the agreement of the parties, by successfully transmitting the same via e-mail from zthomas@skiermontderby.com to the e-mail address listed on the attached Service List.

☒   **(BY MAIL)**  I caused mail service of the above-titled document by placing a true copy of the same document in a sealed envelope addressed as listed on the attached Service List, and placing it for collection and mailing following ordinary business practices.  I am readily familiar with Skiermont Derby LLP's practice of collecting and processing correspondence for mailing.  Under that practice, it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.

☐   **(BY PERSONAL SERVICE)**  I caused the above-titled document to be electronically transmitted to Nationwide Legal for personal delivery to the address listed on the attached Service List.

☐   **(BY OVERNIGHT CARRIER)**  I caused the above-titled document to be delivered via FedEx for next-day delivery to the address listed on the attached Service List.

☐   **(COURTESY COPY BY E-MAIL)**  I caused the above-titled document to be delivered via e-mail from zthomas@skiermontderby.com to the e-mail address listed on the attached Service List.

☒   I declare under penalty of perjury under the laws of State of California that the above is true and correct.

Executed on November 8, 2023, at Los Angeles, California.

_____
Z' Aujanae T. Ponton

---

1

PROOF OF SERVICE

**Case Name:**   *Joseph N. Mullis v. J.P. Morgan Chase & Co.*
**Case No.:**      **37-2023-00045078-CU-FR-NC**

<u>**SERVICE LIST**</u>

Registered Agent – CT Corporation System    *Attorneys for Defendant J.P. Morgan Chase &*
330 North Brand Boulevard, Suite 700          *Co.*
Glendale, California 91203

2

PROOF OF SERVICE

ELECTRONICALLY RECEIVED
Superior Court of California,
County of San Diego
11/08/2023 at 03:43:20 PM
Clerk of the Superior Court
By Elizabeth Sanchez,Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN DIEGO – NORTH COUNTY**

JOSEPH N. MULLIS, an individual,

    Plaintiff,

v.

J.P. MORGAN CHASE & CO., a Delaware corporation; and DOES 1 through 20, inclusive,

    Defendants.

Case No. 37-2023-00045078-CU-FR-NC
[Honorable Robert P. Dahlquist, Dep't N-29]

**[PROPOSED] ORDER GRANTING APPLICATION OF KEVIN P. POTERE TO APPEAR AS COUNSEL PRO HAC VICE FOR PLAINTIFF JOSEPH N. MULLIS**

[*Filed concurrently with Notice of Application and Application and Declaration of Kevin P. Potere*]

Date:    December 22, 2023
Time:    1:30 p.m.
Dept.:    N-29

**Reservation ID No.:    3049849**

Complaint Filed:    October 13, 2023

## **PROPOSED] ORDER**

After considering the Application of Kevin P. Potere to Appear as Counsel Pro Hac Vice and all other papers submitted, having determined that all conditions to admission as counsel *pro hac vice* as outlined in California Rules of Court, Rule 9.40, have been satisfied, and good cause appearing therefore,

IT IS HEREBY ORDERED that the Application of Kevin P. Potere to appear *pro hac vice* is GRANTED, and Kevin P. Potere may appear as counsel *pro hac vice* on behalf of Plaintiff Joseph N. Mullis in the above-entitled matter.

**IT IS SO ORDERED.**

DATED: _____          _____
                                        Honorable Robert P. Dahlquist
                                        Judge of the Superior Court

**Case Name:** *Joseph N. Mullis v. J.P. Morgan Chase & Co.*
**Case No.:**      37-2023-00045078-CU-FR-NC

<u>**PROOF OF SERVICE**</u>

**STATE OF CALIFORNIA, COUNTY OF SAN DIEGO – NORTH COUNTY**

      I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen (18) and not a party to the within action.  My business address is 633 West Fifth Street, Suite 5800, Los Angeles, California 90071.

      On November 8, 2023, I served the foregoing document titled **[PROPOSED] ORDER GRANTING APPLICATION OF KEVIN P. POTERE TO APPEAR AS COUNSEL PRO HAC VICE FOR PLAINTIFF JOSEPH N. MULLIS** on all interested parties to this action as follows:

**PLEASE SEE ATTACHED SERVICE LIST**

☐    **(ELECTRONIC SERVICE BY E-MAIL)**  I caused electronic service of the above-titled document to be made in accordance with San Diego Superior Court Local Rules, California Rules of Court – Rule 2.251(b), California Code of Civil Procedure sections 1010.6, 1013(g), and 1013b, and the agreement of the parties, by successfully transmitting the same via e-mail from zthomas@skiermontderby.com to the e-mail address listed on the attached Service List.

☒    **(BY MAIL)**  I caused mail service of the above-titled document by placing a true copy of the same document in a sealed envelope addressed as listed on the attached Service List, and placing it for collection and mailing following ordinary business practices.  I am readily familiar with Skiermont Derby LLP's practice of collecting and processing correspondence for mailing.  Under that practice, it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.

☐    **(BY PERSONAL SERVICE)**  I caused the above-titled document to be electronically transmitted to Nationwide Legal for personal delivery to the address listed on the attached Service List.

☐    **(BY OVERNIGHT CARRIER)**  I caused the above-titled document to be delivered via FedEx for next-day delivery to the address listed on the attached Service List.

☐    **(COURTESY COPY BY E-MAIL)**  I caused the above-titled document to be delivered via e-mail from zthomas@skiermontderby.com to the e-mail address listed on the attached Service List.

☒    I declare under penalty of perjury under the laws of State of California that the above is true and correct.

      Executed on November 8, 2023, at Los Angeles, California.

_____
Z. Aujanae T. Ponton

**Case Name:** *Joseph N. Mullis v. J.P. Morgan Chase & Co.*
**Case No.:**   **37-2023-00045078-CU-FR-NC**

## <u>SERVICE LIST</u>

Registered Agent – CT Corporation System     *Attorneys for Defendant J.P. Morgan Chase &*
330 North Brand Boulevard, Suite 700     *Co.*
Glendale, California 91203