PAUL B. DERBY [SBN 211352]
pderby@skiermontderby.com
MANE SARDARYAN [SBN 287201]
msardaryan@skiermontderby.com
**SKIERMONT DERBY LLP**
633 West Fifth Street, Suite 5800
Los Angeles, California 90071
Telephone: (213) 788-4500
Facsimile: (213) 788-4545

*Attorneys for Plaintiff*
JOSEPH N. MULLIS

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH N. MULLIS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>J.P. MORGAN CHASE & CO., a Delaware corporation; RICK SMITH, an individual; NEOLOGY INC., a Delaware corporation; FRANCISCO MARTINEZ DE VELASCO, an individual; AVERY DENNISON CORP., a Delaware corporation, and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 3:23-cv-02106-LAB-BGS<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HIS MOTION TO REMAND**<br><br>Judge: Hon. Larry Alan Burns<br><br>Hearing Date: March 11, 2024<br><br>Hearing Time: 11:30 a.m.<br>Courtroom: 14A (14th Floor) |

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................1

II. FACTUAL BACKGROUND .................................................................................1

III. PROCEDURAL HISTORY ...................................................................................2

IV. ARGUMENT AND AUTHORITIES ....................................................................3

   A.   Removal Jurisdiction Should be Strictly Construed Against Removal and in Favor of Remand.................................................................................................3

   B.   This Action Must be Remanded Due to Lack of Diversity of Citizenship.........4

   C.   This Action Must be Remanded Because the $75,000 Amount in Controversy Threshold has not been met. ..............................................................................5

V. CONCLUSION .......................................................................................................7

# TABLE OF AUTHORITIES

**Cases**

*Corral v. Select Portfolio Servicing, Inc.*,
    878 F.3d 770 (9th Cir. 2017) .................................................................................. 3

*Gaus v. Miles, Inc.*,
    980 F.2d 564 (9th Cir. 1992) .................................................................................. 4

*Guglielmino v. McKee Foods Corp.*,
    506 F.3d 696 (9th Cir. 2007) .................................................................................. 6

*Hertz Corp. v. Friend*,
    559 U.S. 77 (2010) ................................................................................................... 4

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
    511 U.S. 375 (1994) ............................................................................................ 3, 4

*McNutt v. Gen. Motors Acceptance Corp.*,
    298 U.S. 178 (1936) ................................................................................................ 4

*Star Sys. Int'l Ltd. v. Neology, Inc.*,
    No. 4:18-CV-00574, 2018 WL 6424703 (E.D. Tex. Dec. 5, 2018) ........................... 5

*Swortwood v. Tenedora de Empresas, S.A. de C.V.*,
    No. 13-CV-362-BTM-BLM, 2013 WL 12072531 (S.D. Cal. June 19, 2013), *rev'd
    on other grounds and remanded sub nom. Swortwood v. Tenedora de Empresas,
    S.A. de C.V.*, 571 F. App'x 591 (9th Cir. 2014) ........................................................ 5

*Turner v. Bank of N. Am.*,
    4 U.S. 8 (1799) ........................................................................................................ 4

*Westcott Enterprises, Inc. v. Federated Mutual Insurance Co.*,
    No.: 20-cv-7-LAB (BGS), 2020 WL 5232519 (S.D. Cal. Sept. 2, 2020) ................. 4

*Zator v. Sprint/United Management Co.*,
    No. 09-cv-2577–LAB (MDD), 2011 WL 1168319 (S.D. Cal. Mar. 29, 2011) ......... 6

**Statutes**

28 U.S.C. § 1332(a)(1) ................................................................................................ 4

28 U.S.C. § 1332(c)(1) ................................................................................................ 4

28 U.S.C. § 1447(c) .................................................................................................... 4

## I. INTRODUCTION

This action should be remanded to state court for two reasons. **First**, based on Plaintiff's recently filed First Amended Complaint, there is no complete diversity of citizenship between the parties because Plaintiff is a resident of California and Defendant Neology, Inc. ("Neology") has its principal place of business in California. **Second**, Defendant J.P. Morgan Chase & Co. ("J.P. Morgan")'s notice of removal fails to establish that the amount in controversy in this matter exceeds the requisite $75,000 minimum.

## II. FACTUAL BACKGROUND

Neology is headquartered in San Diego, California. *See* Plaintiff's First Amended Complaint ("FAC") (ECF. No. 9) ¶6; Declaration of Mane Sardaryan in Support of Plaintiff's Motion to Remand (Sardaryan Decl.), Exh. 1 at p. 7; Exh. 2 at p. 10. Plaintiff is a resident of the State of California, County of San Diego, City of Oceanside. *See* FAC (ECF. No. 9) ¶5. Plaintiff first began working for Neology in 2003. *Id.* ¶15.

In August 2010, J.P. Morgan—through its then private equity arm One Equity Partners ("OEP")—announced a voluntary takeover offer to shareholders of SMARTRAC N.V. ("Smartrac"). *See* Sardaryan Decl. Exh. 3 at p. 13.

In December 2010, Smartrac announced the purchase of a majority ownership in Neology. *See* Sardaryan Decl. Exh. 4 at p. 16. Following Smartrac's acquisition of Neology, Plaintiff was offered a stake in the Smartrac Management Equity Program (the "Smartrac MEP"). *See* FAC (ECF. No. 9) ¶¶20, 25. Under the terms of the Smartrac MEP, Plaintiff was "loaned" €50,000 to purchase his shares in the Smartrac MEP. *See* Sardaryan Decl. Exh. 5 at p. 19. Plaintiff never actually received the €50,000 and never claimed that amount as the amount in controversy in this action. *See* FAC (ECF No. 9) ¶26.

In September 2017, OEP purchased Neology from Smartrac. *See* Sardaryan Decl. Exh. 6 at p. 25. On September 19, 2017, Philipp von Meurers informed Plaintiff

by email that his investment in the Smartrac MEP had a value of $0: "Following your exit from the Smartrac MEP we wanted to inform you of the exit calculation of your €50,000 investment. Pursuant to the signed agreement, Smartrac's LTM (latest twelve months) adjusted EBITDA is multiplied by the factor of 8x to arrive at Enterprise Value (EV). As you can see in the attachment, LTM Jun-17A PF adjusted EBITDA was €174k which yields an EV of €1.4mm. Adding net cash of €54.6mm gives a Total Equity Value of €55.9mm. However, since Preferred Equity has accrued up to €97.7mm as per 30/6/2017, the value of Common Equity is negative at (€41.8mm) and hence the MEP vehicle at (€3.3mm). Therefore, you will be paid back the original cost of your investment less any applicable loan to the extent taken out by you to finance the investment." See FAC (ECF. No. 9) ¶32, Exh. 1.

Mr. Velasco, CEO of Neology, was copied on the email and, upon information and belief, took part in the calculations leading to the claim that Plaintiff's investment in Smartrac MEP had a value of $0. *Id*. ¶33, Exh. 1.

Plaintiff sought additional information but was eventually coerced into signing a release of his interest in the Smartrac MEP. See FAC (ECF. No. 9) ¶¶34-38, Exh. 1.

In March 2020, Defendant Avery Dennison Corporation ("Avery") purchased Smartrac. *See* Sardaryan Decl. Exh. 7 at p. 29. In September 2022, Plaintiff was terminated from his position at Neology after inquiring about the status of his interest in a separate Management Equity Program offered directly with Neology (the "Neology MEP"). *See* FAC (ECF. No. 9) ¶40. A short time later, Plaintiff was informed that his interest in the Neology MEP had zero value. *Id* ¶42. It was then that Plaintiff realized for the first time that the same pattern of fraudulent behavior by which he was denied compensation for his interest in the Neology MEP also occurred earlier when he was denied any compensation for his interest in the Smartrac MEP. *Id*.

### III. PROCEDURAL HISTORY

On October 13, 2023, Plaintiff filed the original Complaint against Defendant J.P. Morgan in the Superior Court of the State of California for the County of San

1  Diego alleging four causes of action: (1) Fraudulent Inducement; (2) Fraudulent
2  Concealment; (3) Negligent Misrepresentation; and (4) Violation of Cal. Penal Code
3  § 496. *See* ECF No. 1 at p. 12. Plaintiff did not specify the amount of damages he was
4  seeking in his Complaint because he is unable to ascertain what amount, if any, that he
5  is owed without additional information that only Defendants possess. *Id*. at p. 18.

6      On November 16, 2023, Defendant J.P. Morgan removed the state action to
7  federal court based on diversity jurisdiction. *See* ECF No. 1. at p. 1.

8      On January 5, 2024, Defendant J.P. Morgan filed a Notice of Motion and
9  Motion to Compel Arbitration and Stay Proceedings and Notice of Motion and Motion
10 to Dismiss Complaint and. *See* ECF Nos. 5-6.

11     On January 26, 2024, Plaintiff filed a First Amended Complaint against
12 Defendants J.P. Morgan, Rick Smith, Neology, Mr. Velasco, and Avery alleging 18
13 causes of action: (1) Violation of the California Unfair Competition Law; (2) Unjust
14 Enrichment; (3) Violation of Cal. Penal Code § 496; (4) Conversion; (5) Aiding and
15 Abetting Conversion; (6) Negligence; (7) Fraud; (8) Aiding and Abetting Fraud; (9)
16 Breach of Fiduciary Duty; (10) Aiding and Abetting Breach of Fiduciary Duty; (11)
17 Fraudulent Misrepresentation; (12) Aiding and Abetting Fraudulent Misrepresentation;
18 (13) Fraudulent Inducement; (14) Aiding and Abetting Fraudulent Inducement; (15)
19 Fraudulent Concealment; (16) Aiding and Abetting Fraudulent Concealment; (17)
20 Negligent Misrepresentation; and (18) Constructive Fraud. *See* FAC (ECF. No. 9).

### IV. ARGUMENT AND AUTHORITIES

**A. Removal Jurisdiction Should be Strictly Construed Against Removal and in Favor of Remand.**

"Federal courts are courts of limited jurisdiction." *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017) (internal quotation marks omitted). Subject matter jurisdiction exists only to the extent "authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). "It is to be presumed that a cause lies outside this limited

jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id*. (citing *Turner v. Bank of N. Am.*, 4 U.S. 8, 11 (1799); *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

"The removal statutes are strictly construed, and doubts about the propriety of removal are resolved in favor of remand." *Westcott Enterprises, Inc. v. Federated Mutual Insurance Co.*, Case No.: 20-cv-7-LAB (BGS), 2020 WL 5232519, at *1 (S.D. Cal. Sept. 2, 2020) (Burns, J.) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). "Th[is] 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566 (internal citations omitted). "Federal jurisdiction **must be rejected** if there is **any doubt** as to the right of removal in the first instance." *Id*. (emphasis added).

**B. This Action Must be Remanded Due to Lack of Diversity of Citizenship.**

The party asserting diversity jurisdiction must first establish that the controversy "is between . . . citizens of different States . . .." 28 U.S.C. § 1332(a)(1). A corporation is a "citizen of every State and foreign state . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A corporation's principal place of business "should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination." *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81, 93 (2010).

In its Notice of Removal, ECF No. 1, Defendant J.P. Morgan states that there was diversity of citizenship between the parties based on the original Complaint since Plaintiff is a resident of California and Defendant J.P. Morgan is a Delaware corporation with its principal place of business in New York, New York. *See* Notice of Removal (ECF No. 1), p. 4, lines 6-26). Through his First Amended Complaint, however, Plaintiff added additional defendants, including Defendants Neology and Mr. Velasco, and additional claims. *See* FAC (ECF. No. 9).

Neology, Plaintiff's former employer, is headquartered in San Diego, California, which is where Neology has its principal place of business. *See* Sardaryan Decl., Exh. 1 at p. 7; Exh. 2 at p. 10; *see also Star Sys. Int'l Ltd. v. Neology, Inc.*, No. 4:18-CV-00574, 2018 WL 6424703, at *3 (E.D. Tex. Dec. 5, 2018) ("Neology is a Delaware corporation with its principal place of business in San Diego, California"); *Swortwood v. Tenedora de Empresas, S.A. de C.V.*, No. 13-CV-362-BTM-BLM, 2013 WL 12072531, at *1 (S.D. Cal. June 19, 2013) (same), *rev'd on other grounds and remanded sub nom. Swortwood v. Tenedora de Empresas, S.A. de C.V.*, 571 F. App'x 591 (9th Cir. 2014).

Plaintiff's claims against Neology relate to its role in misleading Plaintiff into believing his interest in the Smartrac MEP had zero value. *See* FAC (ECF. No. 9) ¶¶49-98; 110-178; 189-323; 340-364. Plaintiff asserts causes of action against Neology for Violation of the California Unfair Competition Law; Unjust Enrichment; Violation of Cal. Penal Code § 496; Aiding and Abetting Conversion; Negligence; Fraud; Aiding and Abetting Fraud; Aiding and Abetting Breach of Fiduciary Duty; Fraudulent Misrepresentation; Aiding and Abetting Fraudulent Misrepresentation; Fraudulent Inducement; Aiding and Abetting Fraudulent Inducement; Fraudulent Concealment; Aiding and Abetting Fraudulent Concealment; and Constructive Fraud. *Id*.

Therefore, since Plaintiff is domiciled in California and Defendant Neology has its principal place of business in California, there is no diversity of citizenship between Plaintiff and Neology, and this matter must be remanded on that basis alone.

**C. This Action Must be Remanded Because the $75,000 Amount in Controversy Threshold has not been met.**

The party asserting diversity jurisdiction must also establish that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . . ." 28 U.S.C. § 1332(a)(1). "Where . . . the complaint pleads no amount in controversy, or the amount in controversy is ambiguous, the party seeking removal must show by a preponderance of the evidence that the amount in controversy is met." *Zator v.*

*Sprint/United Management Co.*, No. 09-cv-2577–LAB (MDD), 2011 WL 1168319, at *1 (S.D. Cal. Mar. 29, 2011) (Burns, J.) (citing *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007)).

Here, neither the original Complaint nor the First Amended Complaint specify the amount in controversy in this matter. *See* Complaint (ECF No. 1); FAC (ECF No. 9). Therefore, Defendant J.P. Morgan has the burden of proving by a preponderance of the evidence that the amount Plaintiff is seeking exceeds $75,000. In order to meet its burden, Defendant J.P. Morgan argues that "[a]t a minimum, Plaintiff alleges that he suffered damages in the full amount of his investment in the Smartrac MEP, totaling at least $50,000."[1] *See* Notice of Removal (ECF No. 1), p. 6, lines 1-3. Yet Plaintiff never alleges in either the original Complaint or the First Amended Complaint that the amount in controversy is at least €50,000. *See* Complaint (ECF No. 1); FAC (ECF No. 9). Rather, Plaintiff explained that the €50,000 was merely a loan on paper from Smartrac in order for Plaintiff to buy an interest in the Smartrac MEP. *See* Complaint (ECF No. 1) ¶18; FAC (ECF No. 9) ¶26. Plaintiff never alleged that his interest in the Smartrac MEP is worth at least €50,000. *Id*. Instead, Plaintiff has repeatedly requested additional information to determine the amount owed in this matter. *See* FAC (ECF No. 9) ¶¶43-48.

J.P. Morgan's remaining arguments regarding treble damages and punitive damages are premised off the €50,000 and therefore equally flawed. *See* Notice of Removal (ECF No. 1), p. 6, line 3- p. 7, line 8. Finally, J.P. Morgan has offered no support for its claim that Plaintiff's request for attorneys' fees satisfies the $75,000 amount in controversy requirement. *Id*. p. 6, line 13- p. 7, line 8. Therefore, J.P.

---

[1] Defendant J.P. Morgan correctly stated in its Notice of Removal that the loan amount in question was for €50,000, not $50,000. *See* Notice of Removal (ECF No. 1), p. 6, lines 27-28).

Morgan has not established by a preponderance of the evidence that the amount in controversy exceeds $75,000 and the matter must be remanded on that basis as well.

## V.   CONCLUSION

Plaintiff therefore respectfully requests that the Court grant this Motion and remand this matter to the Superior Court of the State of California for the County of San Diego.

Dated: February 2, 2024

*/s/ Mane Sardaryan*
PAUL B. DERBY [SBN 211352]
pderby@skiermontderby.com
MANE SARDARYAN [SBN 287201]
msardaryan@skiermontderby.com
**SKIERMONT DERBY LLP**
633 West Fifth Street, Suite 5800
Los Angeles, California 90071
Telephone:  (213) 788-4500
Facsimile:   (213) 788-4545

*Attorneys for Plaintiff*
JOSEPH N. MULLIS

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document was served on February 2, 2024 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system. Pursuant to Local Rule 5.2, any other counsel of record will be served by electronic mail, facsimile, or overnight delivery.

/s/ Mane Sardaryan
Mane Sardaryan