PAUL B. DERBY [SBN 211352]
pderby@skiermontderby.com
MANE SARDARYAN [SBN 287201]
msardaryan@skiermontderby.com
**SKIERMONT DERBY LLP**
633 West Fifth Street, Suite 5800
Los Angeles, California 90071
Telephone:  (213) 788-4500
Facsimile:   (213) 788-4545

KEVIN P. POTERE (admitted *Pro Hac Vice*)
kpotere@skiermontderby.com
**SKIERMONT DERBY LLP**
1601 Elm Street, Suite 4400
Dallas, Texas 75201
Telephone:  (214) 978-6600
Facsimile:   (214) 978-6601

*Attorneys for Plaintiff*
JOSEPH N. MULLIS.

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH N. MULLIS, an individual, | Case No. 3:23-cv-02106-JO-BGS |
| Plaintiff, | **PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO REMAND** |
| v. | |
| J.P. MORGAN CHASE & CO., a Delaware corporation; RICK SMITH, an individual; NEOLOGY INC., a Delaware corporation; FRANCISCO MARTINEZ DE VELASCO, an individual; AVERY DENNISON CORP., a Delaware corporation, and DOES 1 through 20, inclusive, | Judge: Hon. Jinsook Ohta  Hearing Date: April 8, 2024  Hearing Time: 11:30 a.m.  Courtroom: 4C |
| Defendants | |

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................ 1

II. ARGUMENT AND AUTHORITIES .......................................................... 1

   A.   FAC Properly Joins Additional Defendants, including Neology. ....... 1

   B.   Defendants Fail to Prove that the Amount in Controversy Exceeds $75,000. ... 5

   C.   The Court Should not Retain Jurisdiction Under 9 U.S.C. § 203. ....... 7

III. CONCLUSION ........................................................................................ 10

# TABLE OF AUTHORITIES

**Cases**

*Barrett v. Clark*,
  No. C 01-4909 ADR WHA, 2002 WL 356637 (N.D. Cal. Feb. 26, 2002) ................. 9

*Blowers v. Ford Motor Co.*,
  No. 17-CV-8224-JFW, 2018 WL 654415 (C.D. Cal. Jan. 31, 2018) ......................... 2

*Boon v. Allstate Ins. Co.*,
  229 F. Supp. 2d 1016 (C.D. Cal. 2002) ................................................................. 4

*Bradshaw Constr. Corp. v. Underwriters at Lloyd's, London*,
  No. 15-24382-CIV, 2016 WL 8739603 (S.D. Fla. Jan. 8, 2016) ......................... 7, 8

*Brown v. Ford Motor Co.*,
  No. 2:19-CV-159-SRW, 2019 WL 4072404 (M.D. Ala. Aug. 28, 2019) ................. 9

*Cerner Middle East Ltd. v. Belbadi Enters. LLC*,
  939 F.3d 1009 (9th Cir. 2019) ......................................................................... 9, 10

*Clinco v. Roberts*,
  41 F. Supp. 2d 1080 (C.D. Cal. 1999) ................................................................. 2

*Cohn v. Petsmart, Inc.*,
  281 F.3d 837 (9th Cir. 2002) ................................................................................ 7

*Conrad Assocs. v. Hartford Accident & Indem. Co.*,
  994 F. Supp. 1196 (N.D. Cal. 1998) ..................................................................... 6

*Emps. Ins. of Wausau v. Certain Underwriters at Lloyd's, London*,
  787 F. Supp. 165 (W.D. Wis. 1992) ...................................................................... 8

*Ernsting v. Pac. Bell Tel. Co.*,
  No. SACV 15-01682-CJC (KESx), 2016 WL 184417 (C.D. Cal. Jan. 15, 2016) ...... 9

*Farzam v. Nat'l Registry of Emergency Med. Technicians*,
  No. 2-17-CV-09287-RGK-PJW, 2018 WL 2386826 (C.D. Cal. May 23, 2018) ........ 2

*Faulkner v. Astro–Med, Inc.*,
  No. C 99–2562 SI, 1999 WL 820198 (N.D. Cal. Oct. 4, 1999) ............................... 6

*Green v. Party City Corp.*,
  No. CV-01-09681 CAS (Ex), 2002 WL 553219 (C.D. Cal. Apr. 9, 2002) ................ 6

*Hamilton Materials, Inc. v. Dow Chem. Corp.*,
  494 F.3d 1203 (9th Cir. 2007) .............................................................................. 4

*IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*,
  125 F. Supp. 2d 1008 (N.D. Cal. 2000) ................................................................ 3

*Lee v. Ford Motor Corp.*,
  No. CV 19-10170-AB (FFMX), 2020 WL 2835748 (C.D. Cal. May 29, 2020) ........ 2

*Liberty Nw. Ins. Co. v. Certain Underwriters at Lloyd's*,
   No. 15-CV-02334-WHO, 2015 WL 5012758 (N.D. Cal. Aug. 24, 2015) .................. 9

*Miranti v. Lee*,
   3 F.3d 925 (5th Cir. 1993) .................................................................................. 6

*Preston Giuliano Cap. Partners LLC v. Underwriters at Lloyd's London*,
   No. 2:18-CV-531-FTM-29CM, 2018 WL 4178720 (M.D. Fla. Aug. 31, 2018) ........ 8

*Quiroz v. Asset Protection & Services, L.P.*,
   No. 14-cv-2786-LAB (BGS), 2016 WL 8672914 (S.D. Cal. Jan. 8, 2016) ................ 7

*Rajagopalan v. NoteWorld, LLC*,
   718 F.3d 844 (9th Cir. 2013) ............................................................................. 10

*Sagehorn v. Engle*,
   141 Cal.App.4th 452 (Cal. Ct. App. 2006) ........................................................... 3

*SanDisk Corp. v. SK Hynix Inc.*,
   84 F. Supp. 3d 1021 (N.D. Cal. 2015) ................................................................ 10

*Seth Peterson Cottage Conservancy, Inc. v. Goodyear Tire & Rubber Co.*,
   No. 03-C-393-C, 2003 WL 23221149 (W.D. Wis. Oct. 27, 2003) ........................... 9

*Tillman v. Lowe's Home Centers, LLC*,
   No. 23-CV-647-L-BGS, 2023 WL 5608404 (S.D. Cal. Aug. 30, 2023) ............. 2, 3, 4

*Walker v. CorePower Yoga, LLC*,
   No. CV 12-00004-WHQ-DHB, 2013 WL 2338675 (S.D. Cal. May 28, 2013) .......... 7

*Yang v. Swissport USA, Inc.*,
   No. C 09-03823 SI, 2010 WL 2680800 (N.D. Cal. July 6, 2010) ............................ 4

**Other Authorities**

1A Moore's Federal Practice, ¶ 0.169[3] (2d ed. 1991) .................................................... 8

**Rules**

Fed. R. Civ. P. 19(a) ........................................................................................................ 2

## I. INTRODUCTION

Defendants' opposition to Plaintiff's motion to remand is yet another step in a bid by three U.S. corporations (including one headquartered in California) to force a California resident to arbitrate his California state-law claims in Germany based on a boilerplate arbitration provision to which none of the Defendants were a party. Defendants are well aware that forcing Plaintiff to arbitrate in Germany—with no access to discovery—ensures that he will not be able to obtain relief for his California state-law claims. In order to achieve their ultimate goal, Defendants ask this Court to ignore Neology's residency in California based on an alleged procedural defect regarding Plaintiff's method for amending his Complaint, which Defendants are mistaken about. Regardless, clearly Neology is a necessary party to this litigation, a fact that J.P. Morgan ("JPMC") readily admitted in its previous filing, and this matter should be remanded based on lack of diversity jurisdiction alone. Moreover, Defendants have not met their burden of establishing that the amount in controversy exceeds $75,000 despite their misuse of Plaintiff's settlement offer, which Plaintiff disavowed. Finally, for the first time in their opposition briefing, Defendants claim that this Court has independent subject jurisdiction under 9 U.S.C. §§ 203 and 205. Yet JPMC failed to remove on that basis and should not be permitted to take a second bite at the apple now that Plaintiff has established a lack of jurisdiction under 28 U.S.C. § 1441. Moreover, equitable estoppel does not compel this Court to permit non-signatories to the arbitration provision in question to enforce its provisions and wrestle jurisdiction away from the California state court in which these proceedings were originally filed.

## II. ARGUMENT AND AUTHORITIES

**A. FAC Properly Joins Additional Defendants, including Neology.**

Defendants do not contest that Neology is headquartered in California. Instead, Defendants argue that because Plaintiff did not seek leave to file the First Amended Complaint ("FAC") under 28 U.S.C. section 1447(e), it should be stricken for that

PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO REMAND

1

1 reason alone. (Opp. Br. (ECF No. 29) at 5.) Courts in the Ninth Circuit have held,
2 however, that when a plaintiff joins a party by right through an amended pleading
3 under Rule 15(a), the analysis under 28 U.S.C. § 1447(e) should not apply. *See Lee v.*
4 *Ford Motor Corp.*, No. CV 19-10170-AB (FFMX), 2020 WL 2835748, at *3 (C.D.
5 Cal. May 29, 2020) ("Plaintiff is not seeking to join the Dealer; Plaintiff has already
6 joined the Dealer by filing the FAC as a matter of right under Fed. R. Civ. P. ("Rule")
7 15(a). Thus, Plaintiff's joinder of the [non-diverse party] was procedurally proper and
8 not subject to the scrutiny of a § 1447(e) analysis."); *see also Blowers v. Ford Motor*
9 *Co.*, No. 17-CV-8224-JFW, 2018 WL 654415, at *2 (C.D. Cal. Jan. 31, 2018) (same).
10 Here, Plaintiff filed his FAC as a matter of right within 21 days of JPMC's motion to
11 dismiss and, therefore, the analysis under § 1447(e) does not apply.

12 Even were the Court to conclude that Plaintiff should have sought leave to
13 amend under 28 U.S.C. § 1447(e), the authority on which Defendants rely on notes
14 that "as a matter of judicial efficiency," unauthorized amended complaints should be
15 construed "as seeking leave to amend to add the New Defendants." *Farzam v. Nat'l*
16 *Registry of Emergency Med. Technicians*, No. 2-17-CV-09287-RGK-PJW, 2018 WL
17 2386826, at *2 (C.D. Cal. May 23, 2018). The Court should do the same here. And, as
18 set forth below, even under § 1447(e), Plaintiff's joinder is proper.

19 Courts consider six factors under a § 1447(e) analysis. *Tillman v. Lowe's Home*
20 *Centers, LLC*, No. 23-CV-647-L-BGS, 2023 WL 5608404, at *1 (S.D. Cal. Aug. 30,
21 2023) (granting leave to amend and remanding) (citation omitted). As to the ***first*** factor
22 regarding necessity of the party joined, Rule 19(a) requires joinder of any party whose
23 "absence would preclude the grant of complete relief, or whose absence would impede
24 [that party's] ability to protect [his] interests or would subject any of the parties to the
25 danger of inconsistent obligations." *Kleine v. Cinemark USA, Inc.*, No. CV 18-2425,
26 2019 WL 13254393, at *2 (C.D. Cal. Feb. 25, 2019) (granting motion to amend and
27 remand to avoid multiple overlap litigations) (quoting *Clinco v. Roberts*, 41 F. Supp.
28 2d 1080, 1082 (C.D. Cal. 1999); Fed. R. Civ. P. 19(a)); *see also IBC Aviation Servs.,*

*Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011-12 (N.D. Cal. 2000)) ("[R]equiring [a plaintiff] to litigate essentially the same issues in two forums would be a waste of judicial resources and risks inconsistent results."). Furthermore, "[t]he standard for amendment under § 1447 is less restrictive than the standard to join a necessary party under Rule 19." *Tillman*, 2023 WL 5608404, at *1.

Here, the facts demonstrate that Neology was central to the allegations of the original complaint. Neology was Plaintiff's direct employer during the relevant time period. *See* FAC (ECF No. 9) ¶15. The CEO of Neology, Defendant Francisco Martinez de Velasco, was copied on emails in which Plaintiff was informed that his interest in the Smartrac MEP had zero value. (*Id.* ¶33). Neology is alleged to have conspired with Defendants to artificially devalue the company. (*Id.* ¶¶49-98; 110-178; 189-323; 340-364). The original complaint specifically detailed Neology's role in the scheme to defraud Plaintiff. (Compl. (ECF No. 1) ¶ 21). JPMC itself acknowledged Neology's central role in this litigation in its motion to dismiss: "Trying to evade his arbitration agreements with the true parties in interest, Plaintiff sued JPMC based on the vague conclusion that it—**along with Neology**, Smartrac, OEP Technologie and its holding company—engaged in a 'scheme' to 'deflate' Neology's 'Fair Market Value' and force Plaintiff to release his 'Partial Partnership Interest in Smartrac.' " (Motion to Dismiss (ECF No. 6) at 1:15-19). Therefore, based on JPMC's own admissions, Neology is a necessary party, and Plaintiff should not be required to file separate actions against Neology and the other Defendants to obtain complete relief.

As to the ***second*** factor regarding statute of limitations, under California law, "[e]quitable tolling halts the running of the limitations period so long as the plaintiff uses reasonable care and diligence in attempting to learn the facts that would disclose the defendant's fraud or other misconduct." *Sagehorn v. Engle*, 141 Cal. App. 4th 452, 460 (2006) (quotations and citations omitted).

Here, Plaintiff explained in the FAC that the applicable state law statute of limitations should be tolled for each cause of action because Plaintiff could not have

PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO REMAND

3

known about the fraud until he saw the same pattern of behavior repeat itself with the Neology MEP. *See* FAC (ECF No. 9) ¶¶60-62; 73-75; 93-95; 105-07; 117-19; 141-43; 162-64; 174-76; 184-86; 197-99; 224-26; 236-38; 264-66; 276-78; 307-09; 319-21; 335-37; 360-62. Moreover, Defendants actively thwarted Plaintiff's attempts to obtain information relevant to his claims. (*Id*. ¶¶32-36; 43-48). Therefore, Defendants have not established that statute of limitations bar Plaintiff's claims.

With respect to the ***third*** factor, Plaintiff filed the FAC 105 days after filing the original complaint in state court. Defendants claim that there was an unexplained delay in seeking to join the non-diverse party. (Opp. Br. (ECF No. 29) at 8). In reality, the delay was a result of JPMC removing the action to federal court, seeking an extension of time to answer Plaintiff's original complaint and FAC, and seeking an extension of time to respond to Plaintiff's motion to remand. *See* ECF Nos. 3, 13, 20; *see also Yang v. Swissport USA, Inc.,* No. C 09-03823 SI, 2010 WL 2680800, at *4 (N.D. Cal. July 6, 2010) (relying mainly on the plaintiffs' "reasonable explanation for the delay in seeking to amend"). Moreover, Defendants cannot credibly claim that a delay of three months unduly prejudiced them. *See Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1023 (C.D. Cal. 2002) (no undue delay where amended complaint joining a non-diverse party was filed within three months of filing the original complaint).

As for the ***fourth*** factor, "there exists a presumption that the Plaintiff's sole purpose was not to defeat federal jurisdiction." *Tillman*, 2023 WL 5608404, at *2 (citing *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007)). Here, Plaintiff's intention on amending the complaint was not based on defeating federal jurisdiction, a feat that he could have accomplished merely by adding Neology as a defendant. (Potere Decl. ¶¶ 4-5). And Plaintiff listed Does 1-20 as defendants in the original complaint indicating that he believed there may be additional defendants in this action. *See Tillman,* 2023 WL 5608404, at *2 ("Plaintiff included Doe Defendants in her original complaint indicating that she intended to name additional defendants from the get-go that were foreseeably citizens of California ....").

PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO REMAND

4

Moreover, as explained above, JPMC itself identified Neology as a central figure to the allegations of the original complaint. (Motion to Dismiss (ECF No. 6) at 1:15-19). Plaintiff amended the complaint to add Neology, along with other defendants, to ensure complete satisfaction as well as to add additional causes of action against Defendants and further clarify existing claims in response to JPMC's motion to dismiss. (Potere Decl. ¶¶4-5).

As for the *fifth* factor, Defendants have not established futility. Instead, Defendants merely rehash their claim that the statute of limitations on Plaintiff's claims have expired while ignoring Plaintiff's tolling arguments.

Finally, as to the *sixth* factor, rejecting Plaintiff's First Amended Complaint would greatly prejudice Plaintiff because he would be required to engage in costly, piece-meal litigation. Moreover, Plaintiff would be prejudiced in terms of obtaining necessary discovery from the additional defendants named in the FAC.

**B. Defendants Fail to Prove that the Amount in Controversy Exceeds $75,000.**

Plaintiff has already established that the €50,000 "investment" on which Defendants rely was merely a loan on paper that Plaintiff never took possession of and did not claim was a basis for calculating damages. *See* Moving Br. (ECF No. 15-1) at 6. Undeterred, Defendants next attempt to use Plaintiff's check-mark on a civil cover sheet as proof of the amount in controversy. *See* Opp. Br. (ECF No. 29) at 9-10. Yet representing that this matter's value exceeded $25,000 was merely a rough estimate that included all forms of relief, including treble damages and attorney's fees.

Defendants also claim that treble damages and using a 1:1 ratio of compensatory damages to punitive damages would push the value of this litigation in excess of $75,000. (*Id.* at 10-11). Yet this analysis is also flawed because Defendants have failed to establish a base amount, as Plaintiff has repeatedly stated that he lacks the necessary information to determine the amount in controversy in this matter.

Defendants next speculate that Plaintiff's request for attorney's fees would exceed the $75,000 threshold based on Defendants' own post-removal expenditures.

PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO REMAND
5

1  But the courts have clearly held that attorneys' fees post- removal should not apply
2  because they are too speculative. *See Faulkner v. Astro–Med, Inc.*, No. C 99–2562 SI,
3  1999 WL 820198, at *4, (N.D. Cal. Oct. 4, 1999) ("When estimating attorney's fees
4  for the purposes of establishing jurisdiction, the only fees that can be considered are
5  those incurred as of the date of removal.") (*citing Miranti v. Lee*, 3 F.3d 925, 928 (5th
6  Cir. 1993)); *Green v. Party City Corp.*, No. CV-01-09681 CAS (Ex), 2002 WL
7  553219, *2 & n. 3 (C.D. Cal. Apr. 9, 2002) (calculating attorneys' fees based "only
8  [on] work done by plaintiff's counsel prior to removal"); *Conrad Assocs. v. Hartford
9  Accident & Indem. Co.*, 994 F. Supp. 1196, 1200 (N.D. Cal. 1998) (holding that the
10 amount in controversy must be determined as of the date of removal and cannot be
11 based on post-removal events). Furthermore, it is highly inequitable for Defendants to
12 use an estimate of the fees that Plaintiff was required to expend to remand this matter
13 due to Defendants' improper removal as a basis for establishing the $75,000 threshold.
14        Finally, Defendants attempt to use Plaintiff's offer of settlement, which JPMC
15 encouraged him to make, as proof that the amount in controversy exceeds $75,000. *See*
16 Opp. Br. (ECF No. 29) at 11. Yet Plaintiff specifically stated in the settlement letter
17 that "Mr. Mullis' settlement offer should in no way be construed as an admission
18 regarding the amount in controversy in this matter. As stated above and through recent
19 communications with J.P. Morgan, Mr. Mullis lacks the information required to
20 determine the amount in controversy and has sought additional materials from J.P.
21 Morgan in order to make that determination."[1] (Potere Decl. Ex. 8) Plaintiff also
22 disavowed the settlement offer as mere puffery (Potere Decl. Ex. 9), and courts have
23 found that based on that fact alone, the settlement amount should not be considered in
24 terms of Plaintiff's motion to remand. *See Walker v. CorePower Yoga, LLC*, No. CV

---

[1] If Plaintiff's settlement offer is taken into consideration, the Court should also consider JPMC's counteroffer of an amount in the "low five figures" as demonstrating that JPMC does not believe this action is worth $75,000. (Potere Decl. ¶6).

PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO REMAND

6

12-00004-WHQ-DHB, 2013 WL 2338675, at *7 (S.D. Cal. May 28, 2013) (distinguishing *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) and holding that because the plaintiff "expressly disavowed" that its settlement offer was an accurate assessment of the claims, "the settlement letter does not appear to reflect a reasonable estimate of Plaintiff's claim, and it is insufficient to establish that the $75,000 amount in controversy requirement is met"); *Quiroz v. Asset Protection & Services, L.P.*, No. 14-cv-2786-LAB (BGS), 2016 WL 8672914 (S.D. Cal. Jan. 8, 2016) (same).

### C. The Court Should not Retain Jurisdiction Under 9 U.S.C. § 203.

Defendants argue that even were the Court to conclude that this matter should be remanded under § 1441, the Court should still retain jurisdiction pursuant to 9 U.S.C. § 203 because JPMC ***could*** have properly removed this action from state court under 9 U.S.C. § 205, even though it failed to do so. The Court should reject Defendants' alternative theory of jurisdiction for several reasons.

#### 1. Defendants Failed to Remove Pursuant to 9 U.S.C. § 205

Defendants claim that if this action is remanded to state court, ***some*** of the Defendants ***may*** seek to remove pursuant to Section 205, and therefore this Court should merely retain jurisdiction pursuant to Section 203. (Opp. Br. (ECF No. 29) at 18). Yet courts have rejected similar attempts to use Section 205 to take a second bite at the apple in trying to establish federal jurisdiction.

For example, in *Bradshaw Constr. Corp. v. Underwriters at Lloyd's, London*, the defendants originally filed a notice of removal pursuant to Section 1441(a). No. 15-24382-CIV, 2016 WL 8739603, at *1 (S.D. Fla. Jan. 8, 2016). The plaintiff filed a motion to remand for lack of diversity between the parties. *Id*. Then, "[i]n an attempt to avoid the issue of diversity jurisdiction, Defendants for the first time in [the] case contend[ed], in a footnote, the Court has subject matter jurisdiction under 9 U.S.C. section 205 because this case 'involves an international commercial arbitration agreement.'" *Id*. at *3. The court granted petitioner's motion to remand based on lack

PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO REMAND

7

of diversity jurisdiction and awarded attorney's fees, finding that "[g]iven the Notice of Removal invokes diversity jurisdiction as the sole basis for subject matter jurisdiction [ ], Defendants have waived their opportunity to assert subject matter jurisdiction under 9 U.S.C. section 205." *Id*. at *4.

Similarly, in *Emps. Ins. of Wausau v. Certain Underwriters at Lloyd's, London*, the defendant originally removed an action pursuant to § 1441(b). 787 F. Supp. 165, 169 (W.D. Wis. 1992). The plaintiff successfully remanded the action to state court because the removal notice was defective. *Id*. Defendants removed the case again, this time pursuant 9 U.S.C. § 205. *Id*. The court first noted that "[a] remand order is deemed conclusive as to matters that were 'adjudged ***or could have been presented at that time as a basis for removal***.'" *Id*. (quoting 1A James W. Moore et al., Moore's Federal Practice, ¶ 0.169[3] (2d ed. 1991)) (emphasis added). The court further noted that "defendants may only file a second petition for removal 'if subsequent events make the case removable.'" *Id.* (citation omitted). The court granted the plaintiff's motion to remand, concluding "that respondents could have used 9 U.S.C. § 205 as a basis for removal in their first notice of removal" and that the defendants should not be "rewarded" for their failure to properly remove in the first instance. *Id*.; *see also Preston Giuliano Cap. Partners LLC v. Underwriters at Lloyd's London*, No. 2:18-CV-531-FTM-29CM, 2018 WL 4178720, at *2 (M.D. Fla. Aug. 31, 2018) (same).

Here, JPMC is attempting to avoid a motion to remand by claiming a novel basis for jurisdiction under 9 U.S.C. § 205. Yet, JPMC removed this action pursuant § 1441, not 9 U.S.C. § 205. JPMC fails to explain why it did not remove under 9 U.S.C. § 205 in the first instance. Thus, JPMC's appeal to judicial economy is mooted by its own actions in forcing Plaintiff to move to remand and then springing a new theory of jurisdiction on Plaintiff after he filed his brief.

Moreover, Defendants do not even claim that all Defendants would join in a second removal effort, which is itself fatal to Defendants' attempt to invoke Section 205. *See Seth Peterson Cottage Conservancy, Inc. v. Goodyear Tire & Rubber Co.*,

No. 03-C-393-C, 2003 WL 23221149, at *1 (W.D. Wis. Oct. 27, 2003) (granting remand where only some defendants sought removal, finding that § 205 "requires consensus among the defendants before a case may be removed to federal court.").

Furthermore, numerous courts have held that when a state court action is improperly removed, the action must be remanded to state court even if a party threatens to remove again on a different ground. *See, e.g., Ernsting v. Pac. Bell Tel. Co.*, No. SACV 15-01682-CJC (KESx), 2016 WL 184417, at *2 (C.D. Cal. Jan. 15, 2016) (remanding action despite defendant's representation that they would be "forced to remove again to federal court to have those claims dismissed, wasting everyone's time and resources"); *Barrett v. Clark*, No. C 01-4909 ADR WHA, 2002 WL 356637, at *3 (N.D. Cal. Feb. 26, 2002) (granting remand and stating that the "order acknowledges that on remand someone in this lawsuit may seek to remove again based on the RICO claim. That is not, however, a certainty"); *Brown v. Ford Motor Co.*, No. 2:19-CV-159-SRW, 2019 WL 4072404, at *4 (M.D. Ala. Aug. 28, 2019) (granting remand where the "possibility that Ford might remove this action a second time following remand does not disturb the conclusion that remand is appropriate because **the remand statute does not contain a futility exception**, *see* U.S.C. § 1447") (emphasis added).

### 2. Plaintiff's Claims are not Covered by the MEP Arbitration Provision

Even were the Court to consider Defendants' alternative theory for removal (it should not), the Court should still not retain jurisdiction under 9 U.S.C. §§ 203, 205. The Ninth Circuit has cautioned that while "[t]he 'relates to' and 'conceivably affect' standard [of Section 205] may be broad, . . . it is not limitless." *Cerner Middle East Ltd. v. Belbadi Enters. LLC*, 939 F.3d 1009, 1016 (9th Cir. 2019). Courts have granted motions to remand where the claims alleged in the complaint are insufficiently connected to the subject matter of the agreements subject to an arbitration provision. *See Liberty Nw. Ins. Co. v. Certain Underwriters at Lloyd's*, No. 15-CV-02334-WHO, 2015 WL 5012758, at *2 (N.D. Cal. Aug. 24, 2015) (granting remand, "[s]ince the

operative complaint does not raise claims that relate to an arbitration agreement or award falling under the Convention, section 205 is not triggered"); *SanDisk Corp. v. SK Hynix Inc.*, 84 F. Supp. 3d 1021, 1036 (N.D. Cal. 2015) (granting remand where arbitration clause did not impact the disposition of the case).

Here, the allegations of the FAC relate in part to actions that arose prior to the MEP Agreement, including Smartrac's promise to permit Plaintiff to participate in the Smartrac MEP back in 2012, well before the MEP Agreement was signed. *See* FAC (ECF No. 9) ¶¶20-21). Moreover, the FAC alleges state law causes of actions based on conduct that would not be covered by the terms of the MEP Agreement. (*Id*. ¶¶ 43-48).

### 3. Equitable Estoppel does not Apply

The Ninth Circuit recently held that a dispute did not "relate to" the arbitration for purposes of removal under Section 205 in part because "[t]he arbitration involved a different set of entities," than the parties to the federal court action. *See Cerner Middle East Ltd.*, 939 F.3d at 1015. Here, none of the Defendants are signatories to the MEP Agreement and, therefore, they should not be permitted to claim subject matter jurisdiction of this action. Nevertheless, Defendants argue that under the theory of equitable estoppel, they would have been able to remove this action pursuant to Section 205. Defendants are mistaken. *See Rajagopalan v. NoteWorld*, LLC, 718 F.3d 844, 847 (9th Cir. 2013) ("We have never previously allowed a non-signatory defendant to invoke equitable estoppel against a signatory plaintiff, and we decline to expand the doctrine here.").

### III. CONCLUSION

Plaintiff therefore respectfully requests that the Court grant this Motion and remand this matter to the Superior Court of the State of California for the County of San Diego.

Dated: March 25, 2024

/s/ Kevin P. Potere
JOHN E. LORD [SBN 216111]
jlord@skiermontderby.com
PAUL B. DERBY [SBN 211352]
pderby@skiermontderby.com
MANE SARDARYAN [SBN 287201]
msardaryan@skiermontderby.com
SKIERMONT DERBY LLP
633 West Fifth Street, Suite 5800
Los Angeles, California 90071
Telephone: (213) 788-4500
Facsimile: (213) 788-4545

KEVIN P. POTERE (admitted *Pro Hac Vice*)
kpotere@skiermontderby.com
SKIERMONT DERBY LLP
1601 Elm Street, Suite 4400
Dallas, Texas 75201
Telephone: (214) 978-6600
Facsimile: (214) 978-6601

*Attorneys for Plaintiff*
JOSEPH N. MULLIS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was served on March 25, 2024 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system. Pursuant to Local Rule 5.2, any other counsel of record will be served by electronic mail, facsimile, or overnight delivery.

/s/ *Kevin P. Potere*

Kevin P. Potere