1

2

3

4

5

6

7

8

9

10

GLASER WEIL FINK HOWARD JORDAN
   & SHAPIRO LLP
Emil Petrossian (CA SBN 264222)
epetrossian@glaserweil.com
Alexander R. Miller (CA SBN 294474)
amiller@glaserweil.com
600 West Broadway, Suite 2150
San Diego, California 92101
Tel.: (619) 765-4380
Fax: (619) 483-0646

*Attorneys for Defendants*
NEOLOGY, INC. and
FRANCISCO MARTINEZ DE VELASCO

*Additional Defendants and Counsel Listed on Signature Page*

11

12

13

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

14

15

16

17

18

19

20

21

22

23

24

| | |
|---|---|
| JOSEPH N. MULLIS, an individual,<br><br>            Plaintiff,<br><br>vs.<br><br>J.P. MORGAN CHASE & CO., a Delaware corporation; RICK SMITH, an individual; NEOLOGY, INC., a Delaware corporation; FRANCISCO MARTINEZ DE VELASCO, an individual; AVERY DENNISON CORP., a Delaware corporation; and DOES 1 to 20, inclusive,<br><br>            Defendants. | Case No. 3:23-cv-02106-BEN-DTF<br><br>Hon. Roger T. Benitez<br>Courtroom 5A<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OMNIBUS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Date Removed: Nov. 16, 2023<br>Trial Date: None Set<br><br>Hearing Date: July 29, 2024<br>Hearing Time: 10:30 a.m. |

25

26

27

28

# **TABLE OF CONTENTS**

I.    PRELIMINARY STATEMENT .................................................................. 1

II.   FACTS ALLEGED IN THE FAC .............................................................. 3

III.  ARGUMENT .......................................................................................... 5

    A.    Legal Standard ...............................................................................5

    B.    All of Plaintiff's Claims Are Time-Barred. ......................................6

        1.    Plaintiff's fraud claims have a three-year limitations period and are time-barred. ...................................................................6

        2.    Plaintiff's negligence claim has a two-year limitations period and is time-barred. ...................................................................7

        3.    Plaintiff's unjust enrichment, conversion, and California Penal Code § 496 claims are barred because they accrued more than three years before he filed suit. ..............................................8

        4.    Plaintiff's UCL claim is barred because it accrued more than four years ago. .....................................................................8

        5.    Plaintiff's aiding and abetting claims are barred like the predicate claims..................................................................9

        6.    Plaintiff has alleged no basis for tolling or delayed discovery. .....9

    C.    The FAC Satisfies Neither Rule 8 Nor Rule 9(b). .............................11

    D.    Plaintiff's Fraud Claims Also Fail to Allege Justifiable Reliance or Damage...............................................................................13

    E.    Plaintiff's Concealment Claims Fail to Allege Defendants Had a Duty to Disclose. ..........................................................................14

    F.    Plaintiff's Aiding and Abetting Claims Allege No Actual Knowledge or Assistance.................................................................16

    G.    Plaintiff's Penal Code § 496 and Conversion Claims Are Conclusory. ..............................................................................17

    H.    Plaintiff's UCL Claim Seeks Unavailable Remedies. ........................18

    I.    Plaintiff's Unjust Enrichment Claim Fails Because He Alleges Neither Inadequate Legal Remedies nor Grounds for Quasi-Contract Relief. 18

    J.    Plaintiff's Negligence Claim Fails to Show a Duty of Care and Also Is Barred by the Economic Loss Rule....................................................19

IV.   CONCLUSION ....................................................................... 20

i

1

## TABLE OF AUTHORITIES

2

**Page(s)**

3

**Cases**

4

*Al-Ahmed v. Twitter, Inc.*,

5

    648 F. Supp. 3d 1140 (N.D. Cal. 2023)......................................................8

6

*Alexander v. Leadership Rsch. Inst., Inc.*,

7

    2023 U.S. Dist. LEXIS 86904 (S.D. Cal. May 17, 2023) ...............................13

8

*Allen v. Similasan Corp.*,

9

    96 F. Supp. 3d 1063 (S.D. Cal. 2015)......................................................9

10

*Anza Tech., Inc. v. Novatel Wireless, Inc.*,

11

    2016 U.S. Dist. LEXIS 155046 (S.D. Cal. Nov. 4, 2016)..................................6

12

*Armendariz v. J.P. Morgan Chase Bank N.A.*,

13

    2012 U.S. Dist. LEXIS 201181 (S.D. Cal. Apr. 8, 2012) ...............................14

14

*Ashcroft v. Iqbal*,

15

    556 U.S. 662 (2009).......................................................................4

16

*Borg v. Principal Life Ins. Co.*,

17

    2008 U.S. Dist. LEXIS 142163 (N.D. Cal. July 24, 2008) ...............................13

18

*Brill v. Postle*,

19

    2020 U.S. Dist. LEXIS 97697 (E.D. Cal. June 3, 2020) ...................................14

20

*Brodsky v. Apple Inc.*,

21

    445 F. Supp. 3d 110 (N.D. Cal. 2020)...................................................18

22

*Cafasso v. Gen. Dynamics C4 Sys., Inc.*,

23

    637 F.3d 1047 (9th Cir. 2011) .........................................................6

24

*Caldwell v. Nordic Naturals, Inc.*,

25

    2024 U.S. Dist. LEXIS 451 (N.D. Cal. Jan. 2, 2024)........................................18

26

*Cansino v. Bank of Am.*,

27

    224 Cal. App. 4th 1462 (2014) .........................................................11

28

*Casey v. U.S. Bank Nat'l Ass'n*,
 127 Cal. App. 4th 1138 (2005) .......................................................................16

*Chauhan v. Google LLC*,
 2023 U.S. Dist. LEXIS 136061 (N.D. Cal. Aug. 4, 2023) ...............................18

*ChinaCast Educ. Corp. v. Chen Zhou Guo*,
 2016 U.S. Dist. LEXIS 192249 (C.D. Cal. June 3, 2016) ...................................6

*CrossTalk Prods., Inc. v. Jacobson*,
 65 Cal. App. 4th 631 (1998).............................................................................10

*Davis v. HSBC Bank*,
 691 F.3d 1152 (9th Cir. 2012) ....................................................................13, 14

*Edwards v. Marin Park, Inc.*,
 356 F.3d 1058 (9th Cir. 2004) ..........................................................................12

*Elkay Int'l Ltd. v. Color Image Apparel, Inc.*,
 2015 WL 13917734 (C.D. Cal. Feb. 4, 2015) ...................................................12

*Garcia v. GM LLC*,
 2018 U.S. Dist. LEXIS 208129 (E.D. Cal. Dec. 10, 2018) ...............................12

*GemCap Lending I, Ltd. Liab. Co. v. Quarles & Brady, LLP*,
 787 F. App'x 369 (9th Cir. 2019) .....................................................................13

*Gonzalez v. JPMorgan Chase Bank, N.A.*,
 2023 U.S. App. LEXIS 966 (9th Cir. Jan. 17, 2023).........................................11

*Greenspan v. Admin. Office of the U.S. Courts*,
 2014 U.S. Dist. LEXIS 168538 (N.D. Cal. Dec. 4, 2014)...................................9

*Grier v. Finjan Holdings, Inc.*,
 58 F.4th 1048 (9th Cir. 2023) ...........................................................................11

*Hardisty v. Moore*,
 2015 U.S. Dist. LEXIS 144014 (S.D. Cal. Oct. 22, 2015).................................13

*Hougue v. City of Holtville*,
 2008 U.S. Dist. LEXIS 35258 (S.D. Cal. Apr. 30, 2008) ..................................13

*Huntsberry v. Shields*,
   2016 U.S. Dist. LEXIS 137075 (N.D. Cal. Oct. 3, 2016) .................................. 6

*Jablon v. Dean Witter & Co.*,
   614 F.2d 677 (9th Cir. 1980) ............................................................... 6

*Ji v. Naver Corp.*,
   2022 U.S. Dist. LEXIS 179263 (N.D. Cal. Sep. 30, 2022) ............................. 6

*Johnson v. Bayerische Hypo-Und Vereinsbank, AG*,
   2011 U.S. Dist. LEXIS 164245 (C.D. Cal. Sept. 13, 2011) .......................... 6, 7

*JT Legal Grp, APC v. Vega*,
   2020 U.S. Dist. LEXIS 101147 (C.D. Cal. Apr. 15, 2020) ............................. 16

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009) ........................................................... 11

*Kelly v. Beazer Homes USA, Inc.*,
   552 Fed. Appx. 666 (9th Cir. 2014) ..................................................... 14

*Knievel v. ESPN*,
   393 F.3d 1068 (9th Cir. 2005) ............................................................. 3

*Korea Supply Co. v. Lockheed Martin Corp.*,
   29 Cal. 4th 1134 (2003) .................................................................. 18

*LA Tech & Consulting, LLC v. Am. Express Co.*,
   2022 U.S. Dist. LEXIS 156605 (C.D. Cal. Aug. 9, 2022) ............................. 17

*Lightner v. Medtronic Inc.*,
   2021 U.S. Dist. LEXIS 198534 (C.D. Cal. May 10, 2021) ............................. 18

*Lusinyan v. Bank of Am., N.A.*,
   2015 U.S. Dist. LEXIS 193866 (C.D. Cal. May 26, 2015) ............................. 19

*Lynwood Invs. Cy Ltd. v. Maxim Konovalov*,
   2022 U.S. Dist. LEXIS 146379 (N.D. Cal. Aug. 16, 2022) ............................ 17

*Mackley v. Sullivan & Liapakis, P.C.*,
   2001 U.S. Dist. LEXIS 21723 (S.D.N.Y. Dec. 17, 2001) ............................... 6

*Motivo Eng'g, LLC v. Black Gold Farms*,

    2023 U.S. Dist. LEXIS 54304 (C.D. Cal. Mar. 28, 2023)...................................17

*Neilson v. Union Bank of Cal., NA*,

    290 F. Supp. 2d 1101 (C.D. Cal. 2003) ..............................................................11

*Neubronner v. Milken*,

    6 F.3d 666 (9th Cir. 1993) .....................................................................................6

*Norgart v. Upjohn Co.*,

    21 Cal. 4th 383 (1999) ....................................................................................6, 10

*Nymark v. Heard Fed.Sav. & Loan Ass'n*,

    231 Cal. App. 3d 1089 (1991) .............................................................................19

*Paskenta Band of Nomlaki Indians v. Associated Pension Consultants, Inc.*,

    854 F. App'x 872 (9th Cir. 2021) ........................................................................16

*Perez v. JPMorgan Chase Bank, N.A.*,

    2020 U.S. Dist. LEXIS 85995 (C.D. Cal. May 8, 2020) .......................................3

*Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*,

    522 F.3d 1049 (9th Cir. 2008) ............................................................................10

*Plutos Sama Holdings v. Jagex Ltd.*,

    2021 U.S. Dist. LEXIS 210214 (C.D. Cal. Sept. 22, 2021) ...............................11

*Powell v. Residential Mortg. Capital*,

    2010 U.S. Dist. LEXIS 59698 (N.D. Cal. May 24, 2010).....................................19

*Precision Orthopedic Implants, Inc. v. Limacorporate S.P.A.*,

    2016 U.S. Dist. LEXIS 176160 (C.D. Cal. Dec. 20, 2016)...................................7

*Robinson v. Am. Home Mortg. Servicing, Inc.*,

    754 F.3d 772 (9th Cir. 2014) ..............................................................................16

*Robinson v. Weider Publications*,

    2007 Cal. App. Unpub. LEXIS 1526 (Feb. 26, 2007).........................................10

*Rosen v. Commons*,

    2021 U.S. Dist. LEXIS 145286 (C.D. Cal. Apr. 28, 2021) .................................12

v

*Sanders v. AHMS, Inc.*,

   2011 U.S. Dist. LEXIS 165214 (C.D. Cal. May 25, 2011) .................................7

*S. Cal. Gas Leak Cases*,

   7 Cal. 5th 391 (2019) ...................................................................20

*Scheibe v. Esupplements, Ltd. Liab. Co.*,

   2023 U.S. Dist. LEXIS 234771 (S.D. Cal. July 10, 2023) .................................18

*Sekerke v. Hoodenpyle*,

   2021 U.S. Dist. LEXIS 8501 (S.D. Cal. Jan. 15, 2021) ....................................10

*Servillon v. Pacific Gas & Electric Co.*,

   1991 U.S. Dist. LEXIS 983 (N.D. Cal. Jan. 14, 1991)......................................15

*Sharma v. Volkswagen AG*,

   524 F. Supp. 3d 891 (N.D. Cal. 2021) .......................................................18

*Sollberger v. Wachovia Sec., LLC*,

   2010 U.S. Dist. LEXIS 66233 (C.D. Cal. June 30, 2010) .................................11

*Sonner v. Premier Nutrition Corp.*,

   971 F.3d 834 (9th Cir. 2020) ................................................................18

*Spa-Kur Therapy Dev., Inc. v. Bank of Am., N.A.*,

   2019 U.S. Dist. LEXIS 37845 (S.D. Cal. Mar. 8, 2019) ..................................19

*Starbucks Corp. v. Amcor Packaging Distribution*,

   2014 U.S. Dist. LEXIS 156720 (E.D. Cal. Nov. 4, 2014)..................................19

*Taie Weie Enter. Co. v. Tech. Aquatic Associated Mfg.*,

   2021 U.S. Dist. LEXIS 258526 (C.D. Cal. Apr. 23, 2021) ...............................10

*Taragan v. Nissan N. Am., Inc.*,

   2013 U.S. Dist. LEXIS 87148 (N.D. Cal. June 20, 2013)..................................15

*Transamerica Life Ins. Co. v. Richards*,

   2023 U.S. Dist. LEXIS 89396 (C.D. Cal. Mar. 28, 2023)..................................19

*Vess v. Ciba-Geigy Corp. USA*,

   317 F.3d 1097 (9th Cir. 2003) ..........................................................11, 13

*Warfield v. United States Air Force*,

    2020 U.S. Dist. LEXIS 106320 (E.D. Cal. June 16, 2020) ...............................16

*Wheeler v. Home Depot U.S.A., Inc.*,

    2016 WL 11766147 (S.D. Cal. July 29, 2016) ..................................................11

*Wilber v. Bank of Am., N.A.*,

    2015 U.S. Dist. LEXIS 200405 (C.D. Cal. Mar. 30, 2015)............................8, 9

*Young v. AmeriGas Propane, Inc.*,

    2014 U.S. Dist. LEXIS 144123 (S.D. Cal. Oct. 9, 2014).....................................3

**Statutes**

Cal. Bus. & Prof. Code § 17208 ...............................................................................8

Cal. Code Civ. Proc. § 335.1 ....................................................................................7

Cal. Code Civ. Proc. § 338(d) ..................................................................................8

Cal. Pen. Code § 496................................................................................*passim*

Cal. Pen. Code § 496(a) .........................................................................................17

California's Unfair Competition Law ................................................................*passim*

**Rules**

Fed. R. Civ. P. 8 .............................................................................................2, 11, 12

Fed. R. Civ. P. 9(b) ..........................................................................................*passim*

Fed. R. Civ. P. 12(b)(6)............................................................................................5

## MEMORANDUM OF POINTS AND AUTHORITIES
### I.    PRELIMINARY STATEMENT

In his First Amended Complaint ("FAC"), Plaintiff Joseph N. Mullis asserts 18 claims that, based on his own admissions, accrued more than six years before the filing of this lawsuit, well outside applicable statutes of limitation. He does not plead any facts to establish tolling, nor any facts to support his claims of wrongdoing. He fails to allege any cognizable claim against any Defendant, including JPMorgan Chase & Co. ("JPMC"), Rick Smith, Neology, Inc. ("Neology"), Francisco Martinez de Velasco, or Avery Dennison Corp. ("Avery Dennison") (collectively, "Defendants"). The FAC should be dismissed in its entirety.

In May 2014, following a series of corporate acquisitions, Plaintiff, then an employee of Neology, purchased a "stake" in what the FAC calls the "Smartrac Management Equity Program" or "Smartrac MEP." (FAC ¶ 20.) In September 2017, Smartrac sold Neology, and Plaintiff was allegedly "informed" by third parties that his "investment in the Smartrac MEP had a value of $0[.]" (*See id.* ¶ 32.) Plaintiff "release[d]" his interest after his requests for additional information about the valuation were supposedly rebuffed. (*See id.* ¶¶ 34-38.)[1]

None of the Defendants were a party to the contractual relationship governing the Smartrac MEP at the center of Plaintiff's lawsuit, or negotiated or administered that program. The counterparty to the contracts governing Plaintiff's interest in the Smartrac MEP is OEP Technologie Holding B.V. ("OEP Holding"). Yet he does not pursue any claims against OEP Holding because he is obligated to do so through binding arbitration. Attempting to evade arbitration,[2] Plaintiff instead sued Defendants—none of whom has any contractual relationship with Plaintiff concerning his investment—based on vague and

---

[1] Defendants take Plaintiff's well-pleaded factual allegations (if any) as true for purposes of this Motion to Dismiss only, without admitting that any of the allegations are in fact true.

[2] For the reasons explained in Defendants' Motion to Compel Arbitration, Plaintiff is estopped from evading his arbitration agreements contained in his investment agreements, and the Court should compel arbitration of Plaintiff's claims and stay this action. If the Court compels arbitration, it need not decide this Motion.

conclusory allegations that they collectively "defrauded" him. All 18 claims in the FAC arise from the same paper-thin conclusions, including claims for direct and aiding-and-abetting liability, various fraud theories, violations of California's Penal Code § 496 and the Unfair Competition Law ("UCL"), breach of fiduciary duty, unjust enrichment, conversion, and negligence. All claims in the FAC should be dismissed for <u>nine</u> independent reasons (*see* Sections III(B)-(J), *infra*.):

***First***, Plaintiff's claims are all time-barred. Plaintiff filed suit in October 2023. But his claims accrued in September 2017 and each is subject to a statute of limitations between two and four years, which expired, at the latest, in September 2021.

***Second***, each of Plaintiff's claims sounds in fraud, but his claims do not satisfy the plausibility standard of Rule 8, let alone the heightened particularity standard of Rule 9(b).

***Third***, Plaintiff's fraud and deceit claims also fail because he does not allege facts showing he justifiably relied on any misrepresentation or omission or how he suffered damages as a result.

***Fourth***, Plaintiff fails to allege that Defendants owed him a duty to disclose, a required element for each of his concealment-based claims.

***Fifth***, Plaintiff's aiding and abetting claims also fail because Plaintiff alleges no facts showing any Defendants' actual knowledge or substantial assistance concerning any alleged wrongdoing.

***Sixth***, Plaintiff's Penal Code § 496 and conversion claims fail because he does not adequately allege that Defendants converted, stole or knowingly aided in stealing his property.

***Seventh***, Plaintiff's UCL claim also fails because compensatory and punitive damages are unavailable under the UCL, yet those are the sole remedies Plaintiff seeks. In addition, Plaintiff fails to establish the inadequacy of legal remedies.

***Eighth***, Plaintiff's unjust enrichment claim similarly fails because he has not pleaded that legal remedies are inadequate, nor any facts to support a quasi-contract remedy.

***Ninth***, Plaintiff's negligence claim fails to plead facts supporting the existence of a

1   legal duty owed by Defendants to Plaintiff. The claim for purely economic losses also is barred

2   under the economic loss rule.

3         If Plaintiff's claims are not compelled to arbitration (they should be), Defendants

4   respectfully request that the FAC be dismissed without leave to amend.

5                    **II.   FACTS ALLEGED IN THE FAC**

6         Plaintiff began working at Neology in 2003. (FAC ¶ 15.) In or around 2010, OEP

7   Technologie B.V. (an OEP Holding subsidiary) acquired a majority interest in Smartrac.

8   (*See id.* ¶ 17.) The following year, Smartrac acquired a majority interest in Neology. (*Id.* ¶

9   19.) In May 2014, as part of his employment with Neology, Plaintiff was "offered a stake"

10  in something he calls the "Smartrac Management Equity Program" or "Smartrac MEP."

11  (*Id.* ¶ 20.) Plaintiff incorrectly claims that JPMC "loaned" him €50,000, which "was used by

12  Smartrac as payment for Mr. Mullis' interest in the Smartrac MEP." (*See id.* ¶¶ 26).

13        What Plaintiff refers to as the "Smartrac MEP," however, was actually OEP

14  Technologie Beteiligungs GbR ("OEP GbR"), a civil law partnership organized under the

15  laws of Germany. (*See* ECF 42-1, Declaration of Rob Harmzen ("Harmzen Decl."), Exs.

16  1-3.) JPMC also did not enter into any loan agreement with Plaintiff for his investment;

17  rather, Plaintiff's agreements were between himself, as borrower, and OEP Holding, as

18  lender. (*See id.*)[3]

19        In or about September 2017, Smartrac sold Neology. (*See* FAC ¶ 29.) Plaintiff

20  _____

21  [3] Although this Motion does not hinge on the Court considering the "Mullis/OEP
    Agreements" attached to the Motion to Compel Arbitration, the Court can and should

22  consider them. Plaintiff's claims depend on these Agreements, as they are the foundation
    for his claimed investment and at the heart of the FAC. *See Knievel v. ESPN*, 393 F.3d

23  1068, 1076 (9th Cir. 2005) (incorporation by reference applies to "situations in which the
    plaintiff's claim depends on the contents of a document . . . even though the plaintiff does

24  not explicitly allege the contents of that document in the complaint"); *Young v. AmeriGas

25  Propane, Inc.*, 2014 U.S. Dist. LEXIS 144123, at *7-8 (S.D. Cal. Oct. 9, 2014) (applying
    *Knievel* and considering release agreement); *Perez v. JPMorgan Chase Bank, N.A.*, 2020

26  U.S. Dist. LEXIS 85995, at *5 (C.D. Cal. May 8, 2020) ("The Court incorporates these

27  documents into the complaint by reference. Although Plaintiffs do not attach the agreement
    and corresponding contract cards, they refer to the Agreement throughout the complaint.").

28

3

alleges that JPMC valued Neology in connection with the sale, and that JPMC "held Neology's debt" at the time. (*Id.*) Plaintiff claims, "[u]pon information and belief," that (1) Defendants "transferred valuable intellectual property from Neology to Smartrac in order to devalue Neology at the time of the sale," (*id.* ¶ 30), and (2) Defendants "maintained separate cap tables for the Neology sales in order to devalue Neology" (*id.* ¶ 31).

Plaintiff claims he was "informed" in an email from OEP Holding employee Phillip von Meurers on September 19, 2017, that his "investment in the Smartrac MEP had a value of $0[.]" (*Id.* ¶ 32; *see also* Ex. 1 to FAC.) The email laid out several values and calculations that led to the conclusion that Plaintiff would "be paid back the original cost of [his] investment less any applicable loan." (*Id.* ¶ 32.) Defendant Velasco, Neology's CEO, was copied on the September 19, 2017 email. Plaintiff claims, again "upon information and belief," that Velasco took part in the calculations underlying the valuation of Plaintiff's investment in the Smartrac MEP, but provides no specifics. (*Id.* ¶ 33.)

In September 2017, Plaintiff asked Mr. Meurers and the CEO of Smartrac, Christian Uhl, neither of whom are defendants in this action, for additional information regarding "the value of the sale of Neology and whether that value had been included in the fair market value determination for the Smartrac MEP." (*Id.* ¶ 34.) Mr. Uhl replied by email, stating, in part:

> Based on the documentation you have received at the time you have been included in the program the rules for exiting the program and the underlying calculation method are crystal clear — we (OEP and SMT) have simply followed these rules.

(*Id.* ¶ 35; *see also* Ex. 1 to FAC.) Months later, in May 2018, Plaintiff sold his interest in the Smartrac MEP back to OEP Holding in exchange for OEP Holding's agreement to terminate the unpaid €50,000 loan that Plaintiff used to purchase his interest initially. (*Id.* ¶ 38; Harmzen Decl. Ex. 3.)

Five years after selling his interest in the Smartrac MEP, Plaintiff was terminated from employment at Neology (which Smartrac had since sold). Plaintiff claims that his termination came "after inquiring about the status of his interest in a separate MEP offered directly with

Neology (the 'Neology MEP')." (FAC ¶ 40.) Plaintiff supposedly "came to learn" during unspecified "conversations with Neology employees" that he would not receive any payout from this separate Neology MEP. (*Id.* ¶ 41-42.) With no details, Plaintiff concludes that "the same pattern of fraudulent behavior by which he was denied compensation for his interest in the Neology MEP also occurred earlier" when he sold his interest in the Smartrac MEP. (*Id.*)

After his termination, in December 2022 and February 2023, Plaintiff sought information from Mr. Uhl and Defendant Rick Smith regarding the Smartrac MEP, which he had exited more than five years earlier. (*Id.* ¶ 43-45.) Mr. Smith indicated that other JPMC employees would follow up, but Plaintiff claims he did not receive the information. (*Id.* ¶ 48.)

In October 2023, more than six years after selling his interest in the Smartrac MEP, Plaintiff sued JPMC alone. (ECF 1.) JPMC moved to compel arbitration or, in the alternative, to dismiss the complaint. (ECF 5, 6.) Plaintiff filed the operative FAC 21 days later. (ECF 9.) The FAC includes 18 claims, including claims for violations of the UCL and Cal. Pen. Code § 496, unjust enrichment, conversion, negligence, breach of fiduciary duty, a variety of fraud claims,[4] and several aiding and abetting claims. Most claims are pleaded against multiple Defendants; the only claims alleged against a single defendant are Counts 9 and 17, for breach of fiduciary duty and negligent misrepresentation against Avery Dennison.

## III.   ARGUMENT

### A. Legal Standard

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[5] Plaintiff cannot rely on "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Anza Tech., Inc. v. Novatel Wireless, Inc.*, 2016 U.S. Dist. LEXIS 155046, at *10 (S.D. Cal. Nov. 4, 2016).

---

[4] Specifically, the FAC includes claims for fraud, misrepresentation, inducement, concealment, aiding and abetting each of these claims, and for constructive fraud.

[5] Unless otherwise indicated, internal citations and quotations are omitted, and emphases are added.

5

Plaintiff must plead claims that sound in fraud with particularity, specifying the "'who, what, when, where, and how of the misconduct charged[.]'" *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011). Under Rule 9(b), "a plaintiff who makes allegations on information and belief [also] must state the factual basis for the belief." *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993). Further, Plaintiff may not "raise allegations against undifferentiated groups of defendants, without specifying what entity or entities supposedly took what particular actions." *Ji v. Naver Corp.*, 2022 U.S. Dist. LEXIS 179263, at *19 (N.D. Cal. Sep. 30, 2022).

**B. All of Plaintiff's Claims Are Time-Barred.**

Under California law, a cause of action accrues when "'the wrongful act is done,' or the wrongful result occurs, and the consequent 'liability arises.'" *Norgart v. Upjohn Co.*, 21 Cal. 4th 383, 397 (1999). In other words, a cause of action accrues when it is "complete with all of its elements." *Id.* Here, Plaintiff's claims accrued in September 2017, but he did not file suit until October 13, 2023—more than six years later. This is fatal because each claim has a statute of limitations between two and four years.[6] Thus, all claims are time-barred, and the FAC should be dismissed. *See Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980).

1. Plaintiff's fraud claims have a three-year limitations period and are time-barred.

The limitations period for fraud claims in California is three years. *See, e.g.*, *Huntsberry v. Shields*, 2016 U.S. Dist. LEXIS 137075, at *6 (N.D. Cal. Oct. 3, 2016); *see also Johnson v. Bayerische Hypo-Und Vereinsbank, AG*, 2011 U.S. Dist. LEXIS 164245, at *17 (C.D. Cal. Sept. 13, 2011) (applying this limitations period to multiple related fraud claims, including for

---

[6] The law of the forum state (California) applies to determine whether Plaintiff's claims are barred by the statute of limitations. *See ChinaCast Educ. Corp. v. Chen Zhou Guo*, 2016 U.S. Dist. LEXIS 192249, at *8-14 (C.D. Cal. June 3, 2016). In any event, "[t]he statute of limitations under German law for a tort action is three years." *Mackley v. Sullivan & Liapakis, P.C.*, 2001 U.S. Dist. LEXIS 21723, at *11 (S.D.N.Y. Dec. 17, 2001).

6

fraudulent inducement and concealment).[7] Plaintiff's fraud claims—including for fraud, fraudulent inducement, fraudulent concealment, fraudulent misrepresentation, negligent misrepresentation, and constructive fraud—all turn on the same allegations. Plaintiff alleges that Defendants, along with Mr. Meurers of OEP Holding and Mr. Uhl of Smartrac, fraudulently misrepresented and concealed the "true value of Neology" in September 2017, causing Plaintiff to release his investment at that time. (*See e.g.,* FAC ¶¶ 149, 152, 156, 284-85, 288-89, 293-94.)[8] Thus, all elements were complete by September 2017, and Plaintiff's alleged fraud claims all accrued more than six years ago. *See Johnson,* 2011 U.S. Dist. LEXIS 164245, at *17 (finding fraudulent inducement claim time-barred because "the actions giving rise" to the claim occurred more than four years before plaintiff filed suit).

    2.  <u>Plaintiff's negligence claim has a two-year limitations period and is time-barred.</u>

    The statute of limitations for negligence claims in California is two years. *See Sanders v. AHMS, Inc.*, 2011 U.S. Dist. LEXIS 165214, at *10 (C.D. Cal. May 25, 2011); Cal. Code Civ. Proc. § 335.1. While perhaps sparsest of all, Plaintiff brings a negligence claim against all Defendants for "failing to make certain that the Smartrac MEP was administered fairly" and "failing to properly supervise the Smartrac MEP." (FAC ¶¶ 124, 128, 133, 136, 139.) These allegations are vague, particularly given that there are no allegations that any of the named Defendants administered the Smartrac MEP. (*See* Section III.J, *infra*.) But even assuming Plaintiff intends to refer to the same set of "facts" alleged elsewhere in the FAC, the elements of this claim also accrued in September 2017.

---

[7] Negligent misrepresentation claims based on deceit also have a three-year limitations period. *See Precision Orthopedic Implants, Inc. v. Limacorporate S.P.A.*, 2016 U.S. Dist. LEXIS 176160, at *11 (C.D. Cal. Dec. 20, 2016).

[8] Even if the Court looked to the Mullis/OEP Agreements, including the Sale and Transfer and Loan Termination Agreement by which Plaintiff sold his interest in OEP GbR back to OEP Holding and OEP Holding terminated the loan, the claims still accrued by the time Plaintiff signed that agreement—in May 2018. (Harmzen Decl., Ex. 3).

7

3. <u>Plaintiff's unjust enrichment, conversion, and California Penal Code § 496 claims are barred because they accrued more than three years before he filed suit.</u>

Plaintiff's claims for unjust enrichment, conversion, and violation of California Penal Code § 496 all have three-year statutes of limitations. *See Al-Ahmed v. Twitter, Inc.*, 648 F. Supp. 3d 1140, 1157 n.2 (N.D. Cal. 2023) (unjust enrichment subject to three-year period); Cal. Code Civ. Proc. § 338(d) (three-year period applies to actions for taking of personal property, such as conversion and Cal. Pen. Code § 496); *Wilber v. Bank of Am., N.A.*, 2015 U.S. Dist. LEXIS 200405, at *11 (C.D. Cal. Mar. 30, 2015) (conversion). These claims are based on the same alleged events in September 2017. Plaintiff alleges that Smartrac, a nonparty, received a benefit from Plaintiff when he was "cheated out of the money owed to him" (FAC ¶¶ 68-69); he alleges that Smartrac and Defendants "engaged in conversion" when they "wrongfully den[ied] that [Plaintiff's] property interest had any value" and "retain[ed]" those "property interests" (*id.* ¶ 101); and his § 496 claim is based on alleged theft of "fair compensation" (*id.* ¶ 82)—all of which allegedly occurred by September 2017. Thus, these claims all accrued more than six years before Plaintiff filed suit.[9]

4. <u>Plaintiff's UCL claim is barred because it accrued more than four years ago.</u>

UCL claims have a four-year limitations period. *See* Cal. Bus. & Prof. Code § 17208. Plaintiff's claim that JPMC, Neology, and Avery Dennison violated the UCL arises from the same alleged conduct as the fraud claims, namely, that these Defendants allegedly "conspired" to "undervalue Neology" and "falsely indicate to Mr. Mullis that his interest in the Smartrac MEP had zero value," all of which allegedly constituted unfair business practices. (FAC ¶¶ 54-55.) Thus, like Plaintiff's fraud claims, all elements were complete by September 2017, and the UCL claim is time-barred.

---

[9] Plaintiff also alleges an unjust benefit when Avery Dennison acquired Smartrac, because the sale supposedly fetched a higher price. (FAC ¶¶ 66, 104.) But even if a corporate sale could support unjust enrichment or conversion claims, Plaintiff alleges that the transaction closed in March 2020 (*id.* ¶ 39), more than three years before he filed this action.

5.   <u>Plaintiff's aiding and abetting claims are barred like the predicate claims.</u>

"The statute of limitations for a cause of action for aiding and abetting a tort generally is the same as the underlying tort," and thus the aiding and abetting claims in Counts 5, 8, 12, 14, and 16 are also subject to three-year limitations periods, while Count 10 is subject to a four-year limitations period at most. *See Wilber*, 2015 U.S. Dist. LEXIS 200405, at *11.

6.   <u>Plaintiff has alleged no basis for tolling or delayed discovery.</u>

Plaintiff recites nearly identical conclusory statements for each count, arguing that the applicable statutes of limitations should be tolled for three reasons: (1) Plaintiff "was unable to know he had" the claim "since [he] did not have the relevant information regarding calculation of his share in the Smartrac MEP despite having requested such information in a timely manner," and supposedly "did not know about" Defendants' conduct "until September 2022 at the earliest"; (2) "Mr. Mullis was forced to end his inquiry regarding the Smartrac MEP under duress for fear he would lose his job"; and (3) Plaintiff "provided notice to Defendants in a timely manner, Defendants are not prejudiced by the timing" of the claim, and "Mr. Mullis acted in good faith . . . in filing the claim." (*See, e.g.*, FAC ¶¶ 60-62 (Count 1), ¶¶ 73-75 (Count 2), ¶¶ 93-95 (Count 3).) As a threshold matter, these statements are all legal argument, which is "not appropriate under federal pleading rules." *Greenspan v. Admin. Office of the U.S. Courts*, 2014 U.S. Dist. LEXIS 168538, at *16 n.10 (N.D. Cal. Dec. 4, 2014).

Still, these statements indicate that Plaintiff intends to argue for delayed accrual under the "discovery rule," a theory of estoppel by duress, and/or the doctrine of equitable tolling. The FAC alleges no facts to support tolling under these or any other theories.

***First,*** "to invoke the delayed discovery exception to the statute of limitations, the plaintiff must specifically plead facts which show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." *Allen v. Similasan Corp.*, 96 F. Supp. 3d 1063, 1071 (S.D. Cal. 2015). Plaintiff does neither. He alleges no discovery on any later date, or what he discovered, when or how. To the contrary, Plaintiff specifically alleges that he never received any information he requested—whether in 2017 or

after his termination from Neology. (*See* FAC ¶¶ 36, 44, 48.) Nor has Plaintiff alleged facts showing he lacked knowledge sufficient to put him on inquiry; instead, he alleges that he was immediately suspicious of the "$0" value assessed for his investment and questioned the valuation in September 2017. (*See id.* ¶¶ 34-37.) *See Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1057 (9th Cir. 2008) (discovery rule means that statutes of limitations begin running when a plaintiff has reason to discover his claim, or "at least suspects that someone has done something wrong to him") (citing *Norgart*, 21 Cal. 4th at 397-98). At most, Plaintiff points to unspecified circumstances surrounding the subsequent Neology MEP (which has no relation), at which point he supposedly "realized for the first time" that "the same pattern of fraudulent behavior" was implicated. But this purported "realiz[ation]" falls short of showing Plaintiff discovered any new information related to his claim, or what that information was. Simply put, Plaintiff has alleged no facts showing what he discovered about the Smartrac MEP at any time, or why he could not have discovered that information earlier.

  ***Second,*** California courts recognize that a defendant may be estopped from invoking a statute of limitations defense "if the plaintiff was prevented from timely filing a claim as a result of duress caused by the defendant during the applicable limitations period," though only upon pleading "that he was unable to file a timely claim as a result of his actual and reasonable reliance on the defendant's conduct or representations." *Sekerke v. Hoodenpyle*, 2021 U.S. Dist. LEXIS 8501, at *17-18 (S.D. Cal. Jan. 15, 2021). Plaintiff has alleged no threat of any kind—let alone one that would support duress. *See Robinson v. Weider Publications*, 2007 Cal. App. Unpub. LEXIS 1526, at *12-13 (Feb. 26, 2007) (duress requires a wrongful act "sufficiently coercive to cause a reasonably prudent person, faced with no reasonable alternative, to succumb," such that mere fear of "economic reprisal," without any threat, does not "mean[] the statute of limitations is indefinitely tolled) (citing *CrossTalk Prods., Inc. v. Jacobson*, 65 Cal. App. 4th 631, 644 (1998)).

  ***Third,*** it is Plaintiff's burden to establish that equitable tolling applies—including the reasonableness of delaying—to survive a motion to dismiss. *See Taie Weie Enter. Co. v. Tech.*

*Aquatic Associated Mfg.*, 2021 U.S. Dist. LEXIS 258526, at *11 (C.D. Cal. Apr. 23, 2021). Plaintiff does not and cannot do so. He cannot plausibly claim that he "reasonably relied" on anything Defendants did that caused him to delay filing suit for six years, especially when his own allegations confirm that he has the same knowledge today as he did in September 2017.

In sum, Plaintiff has not met his "burden of pleading" to excuse his time-barred claims. *See Cansino v. Bank of Am.*, 224 Cal. App. 4th 1462, 1472 (2014); *accord Gonzalez v. JPMorgan Chase Bank, N.A.*, 2023 U.S. App. LEXIS 966, at *2-3 (9th Cir. Jan. 17, 2023).

## C.   The FAC Satisfies Neither Rule 8 Nor Rule 9(b).

Plaintiff's speculative and conclusory allegations do not satisfy Rule 8, much less Rule 9(b)'s heightened pleading standard. Under Rule 9(b), claims sounding in fraud must "state with particularity the circumstances constituting fraud or mistake." *Wheeler v. Home Depot U.S.A.*, Inc., 2016 U.S. Dist. LEXIS 204720, at *4-5 (S.D. Cal. July 29, 2016) (citing Fed. R. Civ. P. 9(b)). Plaintiff must allege "the who, what, when, where, and how of the misconduct charged" and "set forth what is false or misleading about a statement, and why it is false." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

A claim may "sound in fraud," and thus need to satisfy Rule 9(b), "even if fraud is not an essential element of the claim." *Grier v. Finjan Holdings, Inc.*, 58 F.4th 1048, 1057 (9th Cir. 2023); *see, e.g.*, *Sollberger v. Wachovia Sec., LLC*, 2010 U.S. Dist. LEXIS 66233, at *18 (C.D. Cal. June 30, 2010) (fiduciary duty claim sounding in fraud failed to satisfy Rule 9(b)). Where a plaintiff "choose[s] . . . to allege in the complaint that the defendant has engaged in fraudulent conduct, then the pleading of that claim as a whole must satisfy the particularity requirement." *Grier*, 58 F.4th at 1057.

Here, the entire FAC sounds in fraud.[10] All of Plaintiff's claims—including the nine

---

[10]   *See, e.g.*, *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009) ("[N]ondisclosure is a claim for misrepresentation . . . [and] it (as any other fraud claim) must be pleaded with particularity[.]"); *Neilson v. Union Bank of Cal.*, N.A., 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003) ("It is well-established in the Ninth Circuit that both claims for fraud and negligent misrepresentation must meet Rule 9(b)'s particularity requirements."); *Plutos Sama Holdings v. Jagex Ltd.*, 2021 U.S. Dist. LEXIS 210214, at

11

express fraud claims—arise from the same narrow set of events regarding Plaintiff's exit from the Smartrac MEP. In fact, Plaintiff affirmatively pleads, for *each* count of the FAC, that Defendants acted "with malice, oppression, and fraud." (*See* FAC ¶¶ 64, 77, 98, 109, 121, 145, 166, 178, 188, 201, 228, 240, 268, 280, 311, 323, 339, 364.)

Yet Plaintiff relies solely on speculation and conclusions to assert his claims. He alleges that third-party statements in September 2017 emails were fraudulent, and that Defendants "artificially devalued" his Smartrac MEP interest. (*See* FAC ¶¶ 147-152, 203-205, 208, 244, 248, 284, 288, 327, 330.) But Plaintiff fails to explain *why* any statements were "false," *how* the valuation was incorrect or purportedly "fraudulent," or *what* each Defendant's purported role in the "scheme" was. Simply saying that there were "inaccuracies" and "concealing efforts" (*id.* ¶¶ 215, 255, 297), or that Defendants conspired to transfer "valuable intellectual property" (*id.* ¶¶ 30, 56, 88), is not enough to meet the heightened pleading standard of Rule 9(b), or even Rule 8 plausibility. *See Elkay Int'l Ltd. v. Color Image Apparel, Inc.*, 2015 U.S. Dist. LEXIS 200148, at *41-42 (C.D. Cal. Feb. 4, 2015) ("The allegation of false representations is too conclusory even to satisfy Rule 8's liberal pleading standard; it thus falls considerably short of alleging . . . fraud[.]"); *Rosen v. Commons*, 2021 U.S. Dist. LEXIS 145286, at *5 (C.D. Cal. Apr. 28, 2021) ("The Complaint's allegation that Egnatz was 'operating through' Chicago Analytic is conclusory and would not pass muster even under Rule 8's plausibility standard[.]").

To satisfy Rule 9(b), Plaintiff must allege specific facts. *See Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004). Even after amending his Complaint, however, Plaintiff still alleges no details: what purported "true" facts were concealed or misrepresented, why any alleged statements were false when made, or how any Defendant intended to defraud him. *See, e.g.*, *Garcia v. GM LLC*, 2018 U.S. Dist. LEXIS 208129, *60-61 (E.D. Cal. Dec. 10, 2018) ("Plaintiffs did not plead with sufficient particularity GM's

---

*9-10 (C.D. Cal. Sept. 22, 2021) (where "'plaintiffs' § 496 claim relies almost entirely on the preceding allegations of fraudulent conduct,' compliance with Rule 9(b) is required").

intent to defraud" or "facts elucidating GM's intent to defraud Plaintiffs through concealment or suppression of a material fact."). Apart from conclusory labels, Plaintiff offers no well-pled facts showing that anything about the valuation of his investment was incorrect, let alone fraudulent. Once his "insufficiently pled averments of fraud are disregarded, as they must be, . . . there is effectively nothing left of the complaint." *See Vess*, 317 F.3d at 1107. The FAC fails in its entirety and should be dismissed.

**D.   Plaintiff's Fraud Claims Also Fail to Allege Justifiable Reliance or Damage.**

Plaintiff's fraud and deceit claims (including at least Counts 7, 11, 13, 15, 17 and 18) share the common elements of justifiable reliance and resulting damages. *See Alexander v. Leadership Rsch. Inst., Inc.*, 2023 U.S. Dist. LEXIS 86904, at *10 (S.D. Cal. May 17, 2023) (articulating elements for fraud). Plaintiff mechanically recites these elements with no supporting facts (*e.g.*, FAC ¶¶ 155-56), which is insufficient.[11]

***First***, Plaintiff fails to allege what specific actions he took in reliance upon any alleged statements made to him in September 2017. He claims that he "was eventually coerced into signing a release of any claims related to the Smatrac MEP," but does not allege any factual connection between the third-party statements in September 2017 and this supposed "eventual[]" coerced release in May 2018. (*Id.* ¶ 38; Harmzen Decl., Ex. 3.)[12]

***Second***, Plaintiff also fails to allege *reasonable* reliance. To the extent any information provided to him in September 2017 was inaccurate—which the FAC does not

---

[11] For the same elements, see *Hougue v. City of Holtville*, 2008 U.S. Dist. LEXIS 35258, at *21 (S.D. Cal. Apr. 30, 2008) (fraudulent misrepresentation); *Borg v. Principal Life Ins. Co.*, 2008 U.S. Dist. LEXIS 142163, at *7 (N.D. Cal. July 24, 2008) (fraudulent inducement); *Davis v. HSBC Bank*, 691 F.3d 1152, 1163 (9th Cir. 2012) (fraudulent concealment); *Hardisty v. Moore*, 2015 U.S. Dist. LEXIS 144014, at *20-21 (S.D. Cal. Oct. 22, 2015) (constructive fraud); *GemCap Lending I, Ltd. Liab. Co. v. Quarles & Brady, LLP*, 787 F. App'x 369, 372 (9th Cir. 2019) (negligent misrepresentation).

[12] Again, the Court may look beyond the four corners of the FAC to the date of the Termination Agreement through which Plaintiff released his interest, in May 2018—more than eight months after the September 2017 emails. (Harmzen Decl., Ex. 3.) This substantial delay further undermines any implication of plausible, justifiable reliance.

show—Plaintiff never specifies what he learned later that revealed the inaccuracy. (*See* FAC ¶ 36 (Plaintiff never received Neology valuation details); ¶ 44 (information requested in January 2023 not provided); ¶ 48 (Plaintiff "never received any of the information he requested").) Instead, according to his own allegations, Plaintiff had access to the same information in September 2017 as he does today, but he now believes the 2017 statements were false. Yet he does not explain how the same information that today is supposedly unreliable was sufficient to induce reasonable reliance six years ago. *Cf. Davis v. HSBC Bank*, 691 F.3d 1152, 1163-64 (9th Cir. 2012) (affirming dismissal for failure to allege justifiable reliance where plaintiff put faith in an obviously false representation).

*Third*, Plaintiff alleges that he lost "the true value of his investment in the Smartrac MEP," but does not allege what that "true value" was or how he determined it using even an approximate measure. The September 19, 2017 email from Mr. Meurers lays out several specific factors and figures used to calculate the value of the Smartrac MEP. (FAC ¶ 32.) Plaintiff does not allege that any calculation is inaccurate, let alone in which direction or to what degree. Plaintiff also never disputes that he received "the original cost of [his] investment less any applicable loan," as Mr. Meurers indicated he would. (*Id.*) He has thus provided no basis to plausibly infer resulting damage. *See Armendariz v. J.P. Morgan Chase Bank N.A.*, 2012 U.S. Dist. LEXIS 201181, at *8 (S.D. Cal. Apr. 8, 2012) (dismissing fraud claims where plaintiffs failed to show "how they were damaged").

## E.   Plaintiff's Concealment Claims Fail to Allege Defendants Had a Duty to Disclose.

To allege fraudulent concealment, or fraudulent inducement based on concealment, Plaintiff must allege facts showing Defendants had a duty to disclose the information they purportedly knew but omitted. *See, e.g.*, *Kelly v. Beazer Homes USA, Inc.*, 552 F. App'x 666, 667 (9th Cir. 2014) (affirming dismissal of fraudulent concealment claim because plaintiff

14

showed no duty to disclose).[13] Plaintiff has not done so.

Under California law, a duty to disclose arises "(1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant had exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations but also suppresses some material facts." *Taragan v. Nissan N. Am., Inc.*, 2013 U.S. Dist. LEXIS 87148, at *19-20 (N.D. Cal. June 20, 2013) (interpreting California law).

Plaintiff makes the following allegations loosely related to Defendants' alleged duty to disclose: "Smartrac, as plan administrator of the Smartrac MEP, had a duty to disclose the true value of Neology to Mr. Mullis" (FAC ¶ 291); "Defendant Avery is responsible for Smartrac's actions because Avery acquired Smartrac in March 2020" (*id.* ¶ 295); "Defendants Neology and Mr. Velasco were Mr. Mullis' employers and owed Mr. Mullis a duty to disclose the true value of Neology" (*id.* ¶ 299); and "[JPMC] and Mr. Smith had a duty to provide the documents Mr. Mullis requested because [JPMC] and Mr. Smith represented that they would provide the documents" (*id.* ¶ 302). These allegations are inadequate.

***First***, Plaintiff has not alleged with particularity *what* any Defendant purportedly knew and should have disclosed to him, *how* Neology or Plaintiff's interest in the Smartrac MEP was purportedly devalued, or *why* any information provided by Smartrac's executives (or anyone else) was incorrect or false. In other words, Plaintiff has not alleged what particular facts should have been disclosed in the first place, let alone a legal duty to disclose these unidentified facts.

***Second***, Plaintiff alleges no facts demonstrating a fiduciary relationship with any Defendant, including Neology or Mr. Velasco. An employer-employee relationship does not automatically give rise to a fiduciary relationship, and Plaintiff alleges no other facts to support such a relationship. *Servillon v. Pacific Gas & Electric Co.*, 1991 U.S. Dist. LEXIS 983, at *7

---

[13] Similarly, nondisclosure and a confidential relationship are elements of constructive fraud. *See Brill v. Postle*, 2020 U.S. Dist. LEXIS 97697, at *11 (E.D. Cal. June 3, 2020).

(N.D. Cal. Jan. 14, 1991); *see also Warfield v. United States Air Force*, 2020 U.S. Dist. LEXIS 106320, at *10 (E.D. Cal. June 16, 2020) ("The court is unaware of any law that holds . . . that an employer has any kind of general fiduciary duty to an employee.").

**Third**, Plaintiff alleges no facts showing he had any relationship with JPMC or Mr. Smith.[14] He also does not allege what material facts JPMC or Mr. Smith exclusively knew, actively concealed, or suppressed through partial representations, or how they purportedly did so. In addition, Plaintiff's allegation that JPMC and Mr. Smith owed a duty to disclose because they "represented that they would provide the documents" makes little sense. (FAC ¶ 302.) Plaintiff did not seek documents from JPMC or Mr. Smith until 2023—nearly six years after Plaintiff released his interest in the Smartrac MEP. (*See id.* ¶¶ 45-48.) JPMC's and Mr. Smith's purported failure to furnish documents in 2023 is unrelated to Plaintiff's 2017 release transaction, could not have influenced Plaintiff's actions in 2017, and thus cannot support any fraud claim (which, as shown, requires justifiable reliance and resulting damage).

## F.    **Plaintiff's Aiding and Abetting Claims Allege No Actual Knowledge or Assistance.**

All of Plaintiff's "aiding and abetting" claims sound in fraud and fail under Rule 9(b), as explained above.[15] Further, aiding and abetting claims generally require that a defendant (1) actually know of the alleged tort and (2) substantially assist in accomplishing the tortious act. *See Paskenta Band of Nomlaki Indians v. Associated Pension Consultants, Inc.*, 854 F. App'x 872, 873 (9th Cir. 2021); *JT Legal Grp, APC v. Vega*, 2020 U.S. Dist. LEXIS 101147, at *8-9 (C.D. Cal. Apr. 15, 2020). Yet Plaintiff alleges no facts showing that any Defendants had "actual knowledge of the specific primary wrong" and "substantially

---

[14] Again, while Plaintiff alleges that JPMC loaned him €50,000 to facilitate his investment in the "Smartrac MEP" (FAC ¶¶ 20, 25-26), this is a false allegation contradicted by the face of the contracts that give rise to the lawsuit. (Harmzen Decl., Exs. 1-2.)

[15] The inadequate pleading of the substantive underlying claims also dooms Plaintiff's related aiding-and-abetting claims. *See Robinson v. Am. Home Mortg. Servicing, Inc.*, 754 F.3d 772, 786 (9th Cir. 2014) (affirming dismissal of aiding and abetting claims where plaintiffs failed to make out predicate tort claims).

assisted it." *See Casey v. U.S. Bank Nat'l Ass'n*, 127 Cal. App. 4th 1138, 1145 (2005). The conclusory statements in the FAC that Defendants "had actual knowledge that Smartrac fraudulently induced Mr. Mullis to release his interest in the Smartrac MEP" (*see* FAC ¶¶ 271, 274) are woefully insufficient, as are Plaintiff's rote conclusions that Defendants "substantially assisted" in wrongdoing. *See, e.g.*, *Lynwood Invs. Cy Ltd. v. Maxim Konovalov*, 2022 U.S. Dist. LEXIS 146379, at *36-37 (N.D. Cal. Aug. 16, 2022) (dismissing conclusory aiding and abetting claim).

## G.   Plaintiff's Penal Code § 496 and Conversion Claims Are Conclusory.

To state a claim for violation of California Penal Code § 496, Plaintiff must allege particularized facts showing: (1) his property was stolen or obtained in a manner constituting theft; (2) Defendants knew the property was so stolen or obtained; and (3) Defendants received or had possession of the stolen property. *See* Cal. Pen. Code § 496(a); *Motivo Eng'g, LLC v. Black Gold Farms*, 2023 U.S. Dist. LEXIS 54304, at *21 (C.D. Cal. Mar. 28, 2023). Similarly, "'[t]he elements of a conversion claim are: (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages.'" *LA Tech & Consulting, LLC v. Am. Express Co.*, 2022 U.S. Dist. LEXIS 156605, at *11 (C.D. Cal. Aug. 9, 2022). Another "necessary element of the tort [of conversion] is an *intent* to exercise ownership over property that belongs to another." *Id.*

Plaintiff fails to support the elements of these claims. He pleads only vague conclusions that Defendants converted and "stole, withheld, and/or aided in the concealment, sale, or withholding of [his] property, knowing that property had been withheld and/or obtained in a manner constituting theft." (*See, e.g.*, FAC ¶¶ 90, 103.) But he alleges no facts showing that his property was stolen, that Defendants knew about the stolen property, that Defendants received or possessed the stolen property, or that any Defendants converted or intended to convert his property. *See, e.g.*, *LA Tech & Consulting, LLC*, 2022 U.S. Dist. LEXIS 156605, at *11-12 ("Plaintiff only provides conclusory

17

1    allegations that 'Defendants converted funds'").

2    **H.     Plaintiff's UCL Claim Seeks Unavailable Remedies.**

3            Neither compensatory nor punitive damages are available under the UCL. *Korea*

4    *Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144 (2003). Rather, the UCL allows

5    only for equitable relief such as restitution. *Id.* Here, Plaintiff's UCL claim seeks

6    compensatory and punitive damages—remedies which are unavailable as a matter of law.

7    (FAC ¶¶ 63-64; *see also* Prayer for Relief.) Thus, the UCL claim fails. *See, e.g.*, *Chauhan v.*

8    *Google LLC*, 2023 U.S. Dist. LEXIS 136061, at *14 (N.D. Cal. Aug. 4, 2023) ("[B]ecause

9    Plaintiff's requested relief is limited to unrecoverable damages, the UCL claim is dismissed.").

10           Additionally, because Plaintiff's UCL claim is purely equitable, it may not proceed

11   unless he alleges facts showing that his legal remedies are inadequate. *See Lightner v.*

12   *Medtronic Inc.*, 2021 U.S. Dist. LEXIS 198534, at *8-10 (C.D. Cal. May 10, 2021). Plaintiff

13   has not pleaded any such facts; to the contrary, he is seeking legal remedies (damages). For

14   this additional reason, his UCL claim should be dismissed. *See Sonner v. Premier Nutrition*

15   *Corp.*, 971 F.3d 834, 844 (9th Cir. 2020); *Scheibe v. Esupplements, Ltd. Liab. Co.*, 2023

16   U.S. Dist. LEXIS 234771, at *13-14 (S.D. Cal. July 10, 2023).

17   **I.     Plaintiff's Unjust Enrichment Claim Fails Because He Alleges Neither**

18           **Inadequate Legal Remedies nor Grounds for Quasi-Contract Relief.**

19           Like his UCL claim, Plaintiff's equitable unjust enrichment claim fails because he has

20   not pleaded facts showing that his legal remedies are inadequate. *See Sharma v. Volkswagen*

21   *AG*, 524 F. Supp. 3d 891, 907-09 (N.D. Cal. 2021). Further, in California, unjust enrichment

22   claims sound in quasi-contract, as an alternative to an express contract claim. *See Caldwell*

23   *v. Nordic Naturals, Inc.*, 2024 U.S. Dist. LEXIS 451, at *39-40 (N.D. Cal. Jan. 2, 2024).

24   But Plaintiff alleges no facts showing an express contract with any Defendant that is

25   purportedly unenforceable and necessitates a quasi-contract remedy. *Id.* at *40-41 ("[T]o

26   adequately assert quasi-contract/unjust enrichment claim, Plaintiff must allege that the

27   contract between her and Defendant was unenforceable or void."); *Brodsky v. Apple Inc.*,

28

                                        18

445 F. Supp. 3d 110, 134 (N.D. Cal. 2020) (dismissing unjust enrichment claim "because Plaintiffs fail to allege that their contract with Apple is unenforceable or invalid").

**J.** **Plaintiff's Negligence Claim Fails to Show a Duty of Care and Also Is Barred by the Economic Loss Rule.**

"'The existence of a duty of care owed by a defendant to a plaintiff is a prerequisite to establishing a claim for negligence.'" *Transamerica Life Ins. Co. v. Richards*, 2023 U.S. Dist. LEXIS 89396, at *6-7 (C.D. Cal. Mar. 28, 2023) (quoting *Nymark v. Heard Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1095 (1991)). But Plaintiff alleges no facts establishing that any of the Defendants owed him a duty of due care. Defendants were not parties to any contract at issue in this case. (*See* Harmzen Decl., Exs. 1-3.) Indeed, Plaintiff has purposefully avoided naming the actual parties to any relevant contracts to try to avoid arbitration. Further, businesses generally "are not required to endeavor to prevent pure economic losses from accruing to third parties." *Transamerica Life Ins. Co.*, 2023 U.S. Dist. LEXIS 89396, at *7; *see also Starbucks Corp. v. Amcor Packaging Distribution*, 2014 U.S. Dist. LEXIS 156720, at *19 (E.D. Cal. Nov. 4, 2014) ("With rare exceptions, a business entity has no duty to prevent financial loss to others with whom it deals directly.").

Plaintiff's allegations that Defendants owed him a duty of care "to make certain he was treated fairly with respect to the Smartrac MEP" are unsupported legal conclusions. (*See, e.g.*, FAC ¶¶ 123, 126, 127, 132, 135, 138.) Such conclusions, without more, do not state a claim for relief. *See Powell v. Residential Mortg. Capital*, 2010 U.S. Dist. LEXIS 59698, at *27 (N.D. Cal. May 24, 2010) ("Plaintiff's conclusory assertion that PNC 'owed a duty of care' is insufficient[.]").

Plaintiff's negligence claim also must be dismissed under the economic loss rule, which prohibits negligence claims seeking purely economic losses. *See Lusinyan v. Bank of Am., N.A.*, 2015 U.S. Dist. LEXIS 193866, at *8 (C.D. Cal. May 26, 2015) (a plaintiff cannot recover in tort for "'purely economic losses that may be recovered in a contract action'"); *see Spa-Kur Therapy Dev., Inc. v. Bank of Am., N.A.*, 2019 U.S. Dist. LEXIS

37845, at *7 (S.D. Cal. Mar. 8, 2019) (economic loss rule barred negligence claim for monetary loss). "[F]undamentally, purely economic losses flowing from a financial transaction gone awry . . . are primarily the domain of contract and warranty law or the law of fraud, rather than of negligence." *S. Cal. Gas Leak Cases*, 7 Cal. 5th 391, 402 (2019).

Plaintiff insists that his interest in the Smartrac MEP was miscalculated and not "administered properly." (FAC ¶¶ 133, 136, 139.) But his remedy was under his contracts with OEP Holding, not a negligence suit against third parties which were uninvolved in administering the Smartrac MEP. Because Plaintiff alleges purely economic losses arising out of a contractual relationship, the economic loss rule also bars his negligence claim.

## IV.   <u>CONCLUSION</u>

Plaintiff's claims are time-barred and conclusory. He has not alleged facts stating any plausible claim against Defendants, let alone satisfied the rigorous Rule 9(b) standard. If Plaintiff's claims are not compelled to arbitration and stayed (they should be), Defendants respectfully request that the FAC be dismissed in its entirety, without leave to amend.

Respectfully submitted,

Dated: May 30, 2024

GLASER WEIL FINK HOWARD JORDAN & SHAPIRO LLP

FOLEY HOAG LLP

By: */s/ Emil Petrossian*
    Emil Petrossian
    Alexander R. Miller
    GLASER WEIL FINK HOWARD JORDAN
    & SHAPIRO LLP
    600 West Broadway, Suite 2150
    San Diego, CA 92101
    Tel: (619) 765-4380
    EPetrossian@glaserweil.com
    AMiller@glaserweil.com

    Robert Haney, Jr. (Admitted *Pro Hac Vice,*
    NY Bar No. 221450)

20

1
2
3
4

FOLEY HOAG LLP
1301 Avenue of the Americas
New York, NY 10019
Tel: (212) 812-0399
rhaney@foleyhoag.com

5
6
7
8
9
10
11
12

Leah Rizkallah (Admitted *Pro Hac Vice*,
MA Bar No. 696949)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210
Tel: (617) 832-1000
lrizkallah@foleyhoag.com
*Attorneys for Defendants*
NEOLOGY, INC. and
FRANCISCO MARTINEZ DE VELASCO

13    Dated: May 30, 2024              GREENBERG TRAURIG, LLP

14                                    By: */s/ Michael E. McCarthy*

15                                          Michael E. McCarthy
                                            Layal L. Bishara
16                                          1840 Century Park East, Suite 1900
                                            Los Angeles, CA 90067
17                                          Tel: (310) 586-7807
                                            Fax: (310) 586-7800
18
                                            mccarthyme@gtlaw.com
19                                          bisharal@gtlaw.com
                                            *Attorneys for Defendants*
20                                          JPMORGAN CHASE & CO.
21                                          and RICK SMITH

22

23    Dated: May 30, 2024              GOODWIN PROCTER LLP

24                                    By: */s/ Laura A. Stoll*

25                                          Laura A. Stoll (SBN 255023)
                                            GOODWIN PROCTER LLP
26                                          601 South Figueroa Street
27                                          Los Angeles, CA 90017
                                            Tel: (213) 426-2625
28

21

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Fax: (213) 289-7725
LStoll@goodwinlaw.com

Ariel E. Rogers (SBN 316910)
GOODWIN PROCTER LLP
601 Marshall Street
Redwood City, CA 94063
Tel: (650) 752-3321
Fax: (650) 649-2387
ARogers@goodwinlaw.com
*Attorneys for Defendant*
AVERY DENNISON CORPORATION

I, Emil Petrossian, certify that the content of DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OMNIBUS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT is acceptable to all parties signing this motion, as required by the United States District Court for the Southern District of California's Electronic Case Filing Administrative Policies and Procedures Manual.

Dated: May 30, 2024

GLASER WEIL FINK HOWARD JORDAN & SHAPIRO LLP

FOLEY HOAG LLP

By: */s/ Emil Petrossian*
Emil Petrossian
Alexander Miller
Robert Haney, Jr. (admitted *pro hac vice*)
Leah Rizkallah (admitted *pro hac vice*)
*Attorneys for Defendants*
NEOLOGY, INC. and FRANCISCO MARTINEZ DE VELASCO

22