1  GLASER WEIL FINK HOWARD JORDAN
    & SHAPIRO LLP
2  Emil Petrossian (CA SBN 264222)
3  epetrossian@glaserweil.com
    Alexander R. Miller (CA SBN 294474)
4  amiller@glaserweil.com
    600 West Broadway, Suite 2150
5  San Diego, California 92101
    Tel.: (619) 765-4380
6  Fax: (619) 483-0646

7
*Attorneys for Defendants*
8  NEOLOGY, INC. and
    FRANCISCO MARTINEZ DE VELASCO
9

10  *Additional Counsel Listed on Signature Page*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSEPH N. MULLIS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>J.P. MORGAN CHASE & CO., a Delaware corporation; RICK SMITH, an individual; NEOLOGY, INC., a Delaware corporation; FRANCISCO MARTINEZ DE VELASCO, an individual; AVERY DENNISON CORP., a Delaware corporation; and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 3:23-cv-02106-BEN-DTF<br><br>Hon. Roger T. Benitez<br>Courtroom 5A<br><br>**DEFENDANTS NEOLOGY, INC. AND FRANCISCO MARTINEZ DE VELASCO'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OF MOTION AND SUPPLEMENTAL MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Date Removed: November 16, 2023<br>Trial Date: None Set<br><br>Hearing Date: July 29, 2024<br>Hearing Time: 10:30 a.m. |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PRELIMINARY STATEMENT

Defendants Neology, Inc. ("Neology") and Francisco Martinez de Velasco (collectively, the "Neology Defendants") join the Defendants' Omnibus Motion to Dismiss Plaintiff's First Amended Complaint in full. They submit this Supplemental Motion pursuant to the Court's April 22, 2024 Order (ECF No. 40) in furtherance of its request that the Court dismiss all counts in the Plaintiff's First Amended Complaint ("FAC", ECF No. 9) against the Neology Defendants for failure to state a claim. The FAC fails to allege any actionable conduct undertaken by the Neology Defendants or any facts that plausibly support a duty to take action.

The Defendants' Omnibus Motion provides in full the facts alleged in the FAC and only those facts alleged against the Neology Defendants are included herein. With respect to the Neology Defendants, the FAC alleges that: (1) Plaintiff worked for Neology from 2003 through his termination in September 2022 (FAC ¶¶ 15, 40); (2) "Defendants transferred valuable intellectual property from Neology to Smartrac in order to devalue Neology" (*id.* ¶ 30); (3) "Defendants also maintained separate cap tables for the Neology sale" to devalue the company (*id.* ¶ 31); (4) Mr. Velasco was copied on a September 19, 2017 email from One Equity Partners ("OEP") employee Philipp von Meurers to Plaintiff (*id.* ¶ 33); (5) "upon information and belief," Mr. Velasco "took part in the calculations leading to the conclusion that Mr. Mullis's investment in Smartrac MEP had a value of $0" (*id.*); (6) Plaintiff was "informed" after his termination from Neology that "his interest in" the separate and distinct Neology MEP "has zero value" (*id.* ¶ 42); and (7) Mr. Velasco was among the individuals "involved in both the Smartrac MEP and Neology MEP" (*id.* ¶ 42).

Plaintiff has failed to allege cognizable claims against any defendant and the paucity of facts alleged with respect to the Neology Defendants falls well short of making out any plausible claim, let alone Plaintiff's claims sounding in fraud, which must be

pleaded with heightened particularity. Accordingly, the Court should dismiss each count of the FAC against the Neology Defendants.

## II.  ARGUMENT

**A.  Plaintiff fails to allege any actionable conduct by the Neology Defendants.**

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). All Plaintiff's claims sound in fraud, so he must plead the circumstances of the fraud with particularity. *See Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011). Where Plaintiff makes allegations "on information and belief," he must allege "the factual basis for the belief." *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993).

Plaintiff has alleged no specific conduct attributable to the Neology Defendants as the basis for his claims. He first alleges that the Defendants collectively "transferred valuable intellectual property" from Neology to Smartrac and "maintained separate cap tables," both in an effort to devalue Neology at the time of its sale to OEP (FAC ¶¶ 30-31), but in these conclusory statements he fails to allege any details regarding the "who, what, when, where, and how" of these actions. *See Cafaso*, 637 F.3d at 1055. Thus, the FAC provides no means of determining how Neology or Mr. Velasco were purportedly involved in either of these actions. Plaintiff may not "raise allegations against undifferentiated groups of defendants, without specifying what entity or entities supposedly took what particular actions." *Ji v. Naver Corp.*, 2022 U.S. Dist. LEXIS 179263, at *19 (N.D. Cal. Sep. 30, 2022).

Second, the crux of Plaintiff's claims is a single allegation that Mr. Velasco was copied on one email in September 2017. However, Plaintiff does not allege that Mr. Velasco made any misrepresentations—nor that he made *any* statement at all in that email or otherwise. (*See* FAC ¶ 33.) Plaintiff alleges "upon information and belief" that Mr. Velasco "took part in [a] calculation[]," but Plaintiff does not allege any factual basis, including any specific statement or conduct, to support this

1 conclusory allegation. It should, therefore, be disregarded. *See Neubronner*, 6 F.3d at 672.

2

3 Third, the FAC alleges that Mr. Velasco was among those "involved in" both the Smartrac MEP and the Neology MEP, (FAC ¶ 42), but he does not plead any liability or damages arising from the Neology MEP, nor does he plead any specifics regarding Mr. Velasco's purported "involve[ment]" in these programs, let alone how such involvement relates to the allegedly tortious conduct in the FAC.

Plaintiff then recites the elements of his 18 claims, including the 15 claims against the Neology Defendants, but he does not allege any specific facts regarding the Neology Defendants to support these claims. For example, in Plaintiff's claim for violation of the California Unfair Competition Law (Count 1), he alleges that "J.P. Morgan, Smartrac, and Neology conspired to and did falsely indicate to Mr. Mullis that his interest in the Smartrac MEP had zero value." (FAC ¶ 55.) But Plaintiff never alleges any facts supporting the contention that *Neology* ever "indicate[d]" *anything* to Plaintiff, and never alleges any communications between the various Defendants in support of the alleged conspiracy.

In Plaintiff's claim for unjust enrichment (Count 2), he asserts that Neology "received a benefit" in exchange for "Neology going along with the undervaluation of Neology." (*Id.* ¶ 71.) Again, Plaintiff fails to allege any facts that would give content to the conclusion that Neology "[went] along with" some undervaluation, including by failing to allege Neology or Mr. Velasco's role in any valuation, or how that valuation was inaccurate. Nor does he specify the alleged "benefit" Neology received. Similarly, Plaintiff's claim for violation of California Penal Code § 496 (Count 3) alleges that the Neology Defendants "knowingly aided in concealing Mr. Mullis' property interest . . . by assisting with and concealing the devaluation of Neology." (FAC ¶ 86). However, Plaintiff never alleges how the Neology Defendants purportedly assisted with any "devaluation," nor any affirmative conduct by these defendants that could plausibly have amounted to "concealing" anything. Plaintiff

alleges that "Mr. Velasco was copied on [an] email[] from September 2017 in which Smartrac informed Mr. Mullis that his share in the Smartrac [M]EP had no value," (*id.* ¶ 87)[1] but, of course, this does not allege any conduct by Mr. Velasco, and Plaintiff fails to provide any facts that could explain how being passively copied on a single email amounts to knowing concealment.

The balance of Plaintiff's FAC proceeds in much the same manner. For example, Count 5, against the Neology Defendants alone, claims that they aided and abetted conversion by the other defendants, solely "by agreeing to devalue Neology" (*id.* ¶ 113)—without alleging any specific agreement or related communication—and by being "copied on emails from September 2017" (*id.* ¶ 115). Plaintiff then relies on the mere fact that Mr. Velasco was copied on a single email to support allegations of fraud (*id.* ¶ 148), fraudulent misrepresentation (*id.* ¶ 204), fraudulent inducement (*id.* ¶ 243), and fraudulent concealment (*id.* ¶ 283), and similarly alleges that this somehow "lent credence" to purported misrepresentations made in the email by a third-party (*id.* ¶ 297-98). None of these repeated invocations imbue this allegation with any more detail or affirmative conduct on the part of Mr. Velasco or Neology that could constitute a misrepresentation or inducement.

**B.  Plaintiff fails to allege any plausible duty owed by the Neology Defendants.**

Apart from the lack of any affirmative conduct or representation by the Neology Defendants, Plaintiff also fails to allege any facts that would give rise to a duty to act. Duty is an essential element of Plaintiff's negligence claim (Count 6),[2] as

---

[1] Here and elsewhere in reciting the counts of his FAC, Plaintiff alleges that Mr. Velasco was copied on "emails" in September 2017, though in discussing those emails in detail earlier in his FAC, Plaintiff alleges that Mr. Velasco was copied only on the September 19, 2017 email. (*See* FAC ¶¶ 32-35). Exhibit 1 to the FAC confirms that Mr. Velasco was not copied on the September 20, 2017 email from Christian Uhl. *See* FAC, Ex. 1.

[2] *Vashisht-Rota v. Ottawa Univ.*, 2023 U.S. Dist. LEXIS 169567, at *12 (S.D. Cal. Sep. 22, 2023) (duty to use due care).

well as his claims for fraudulent concealment (Count 15)[3] and constructive fraud (Count 18).[4]

Plaintiff provides no facts that would support a duty of care owed by the Neology Defendants with respect to the Smartrac MEP that serves as the basis of Plaintiff's claims. To support the necessary duty to disclose to support his fraudulent concealment claim, Plaintiff must allege one of four bases for such a duty:

> (1) when a fiduciary relationship exists between the parties; (2) when the defendant has exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes a partial representation to the plaintiff while suppressing other material facts.

*Bentham v. Bingham Law Grp.*, 2013 U.S. Dist. LEXIS 205541, at *16 (S.D. Cal. Nov. 14, 2013) (internal quotation omitted). Plaintiff does not allege any duty for the Neology Defendants that satisfy this standard.

First, Plaintiff asserts that because "Neology and Mr. Velasco were Mr. Mullis' employers," they "owed Mr. Mullis a duty to disclose the true value of Neology," (FAC ¶ 299), and a "duty of care to make certain he was treated fairly with respect to the Smartrac MEP." (*id.* ¶ 135,138). However, Plaintiff cannot plausibly claim that his employment relationship, on its own, sufficed to give rise to a legal duty to ensure that Plaintiff was "treated fairly" by a third party with respect to an investment he made pursuant to a contractual arrangement with that third party, nor a freestanding duty to disclose the purported "true value" of Neology. An employment relationship is not among the recognized bases for a duty to disclose, *see Bentham*, 2013 U.S. Dist. LEXIS 205541, at *16, and an employer-employee relationship, on its own,

---

[3] *Bentham v. Bingham Law Grp.*, 2013 U.S. Dist. LEXIS 205541, at *16 (S.D. Cal. Nov. 14, 2013) (duty to disclose).
[4] *See Hardisty v. Moore*, 2015 U.S. Dist. LEXIS 144014, at *20-21 (S.D. Cal. Oct. 22, 2015) (duty arising from fiduciary or confidential relationship).

does not give rise to a fiduciary relationship, *see Servillon v. Pacific Gas & Electric Co.*, 1991 U.S. Dist. LEXIS 983, at *7 (N.D. Cal. Jan. 15, 1991).[5]

Second, Plaintiff alleges that by being copied on the September 19, 2017 email, "Defendants Neology and Mr. Velasco lent credence to the false valuation for Neology," including "by failing to disclose the inaccuracies of the valuation and by assisting with and concealing efforts to devalue Neology." (*Id.* ¶¶ 283, 297). To be clear, Plaintiff claims that Smartrac—the plan administrator for the Smartrac MEP—made the purported statements at issue. (FAC ¶¶ 291-92). To the extent Plaintiff implies that the Neology Defendants *actively* concealed anything by being copied on a single email, he has failed to plead anything beyond a "generalized allegation[] with respect to active concealment" which "will not do." *Ahern v. Apple*, 411 F. Supp. 3d 541, 576 n.5 (N.D. Cal. 2019). Moreover, under California law, "[m]ere nondisclosure does not constitute active concealment." *Id.* Further, Plaintiff has not alleged any representation from the Neology Defendants *at all*, so there is no basis for any duty arising from a "partial representation."

Third, to the extent Plaintiff suggests that the basis for a duty here arises from the Neology Defendants' "exclusive knowledge of material facts not known to plaintiff," he has failed to plead what those facts are. Beyond the repeated general assertion of some unspecified "true value" of Neology, he does not identify any information known to the Neology Defendants that was contrary to what was provided to him in the September 19, 2017 email and which Plaintiff did not then have.

### III.  CONCLUSION

Plaintiff's conclusory claims fail to state any claim against Neology or Mr. Velasco under any pleading standard, let alone the heightened particularity required by Rule 9(b).

---

[5] The absence of a fiduciary relationship is also fatal to Plaintiff's claim for constructive fraud against the Neology Defendants. *See Hardisty*, 2015 U.S. Dist. LEXIS 144014, at *20-21("The essence of a 'constructive fraud' claim is the existence of a confidential or fiduciary duty.").

If the FAC is not dismissed in its entirety (it should be), Neology and Mr. Velasco respectfully request that the FAC be dismissed as to them.

Respectfully submitted,

Dated: May 30, 2024

GLASER WEIL FINK HOWARD JORDAN & SHAPIRO LLP

FOLEY HOAG LLP

By: /s/ Emil Petrossian
    Emil Petrossian
    Alexander R. Miller
    GLASER WEIL FINK HOWARD JORDAN & SHAPIRO LLP
    600 West Broadway, Suite 2150
    San Diego, CA 92101
    Tel: (619) 765-4380
    EPetrossian@glaserweil.com
    AMiller@glaserweil.com

    Robert Haney, Jr. (Admitted *Pro Hac Vice,* NY Bar No. 221450)
    FOLEY HOAG LLP
    1301 Avenue of the Americas
    New York, NY 10019
    Tel: (212) 812-0399
    rhaney@foleyhoag.com

    Leah Rizkallah (Admitted *Pro Hac Vice*, MA Bar No. 696949)
    FOLEY HOAG LLP
    155 Seaport Boulevard
    Boston, MA 02210
    Tel: (617) 832-1000
    lrizkallah@foleyhoag.com
    *Attorneys for Defendants*
    NEOLOGY, INC. and
    FRANCISCO MARTINEZ DE VELASCO