UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH N. MULLIS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>J.P. MORGAN CHASE & CO., et al,<br><br>Defendants. | Case No.: 3:23-cv-02106-BEN-DTF<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>**[ECF No. 15]** |

Before the Court is Plaintiff's motion to remand. ECF No. 15 ("Mot."). Defendants filed an opposition. ECF No. 29 ("Oppo."). Plaintiff submitted a reply. ECF No. 35 ("Reply"). The motion was submitted on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1) and Rule 78(b) of the Federal Rules of Civil Procedure. ECF No. 38. Having considered the papers and parties' arguments, and for the reasons set forth below, the Court **GRANTS** Plaintiff's motion.

**I. BACKGROUND**

*Procedural History*. Plaintiff Joseph Mullis ("Plaintiff") filed the instant lawsuit against Defendant J.P. Morgan Chase & Co. in San Diego Superior Court alleging four state law causes of action. ECF No. 1 at 12-18. Defendant J.P. Morgan then removed the case to this Court. *Id*. at 1-9. Defendant J.P. Morgan subsequently moved to dismiss Plaintiff's complaint. ECF No. 6. In lieu of opposing this motion, Plaintiff amended his

complaint, adding four new Defendants and fourteen new causes of action.  ECF No. 9 ("FAC").

*Factual Background.*  Plaintiff began working for Defendant Neology in 2003.  FAC ¶ 15.  In 2010, Defendant "Smartrac" announced it had obtained a majority ownership in Neology.  *Id*. ¶ 19.  Following this acquisition, Plaintiff was offered a stake in a Smartrac Management Equity Program ("Smartrac MEP"), which was structured as a €50,000 investment loan to purchase shares in Smartrac.  *Id*. ¶¶ 20-21, 26.  In 2017, One Equity Partners ("OEP"), described by Plaintiff as Defendant J.P. Morgan's private equity arm, purchased Neology from Smartrac.  *Id*. ¶ 29.  Plaintiff was then informed his investment in the Smartrac MEP was valued at $0.  *Id*. ¶ 32.  Plaintiff alleges he "sought additional information" regarding the valuation but was "eventually coerced into signing a release of his interest in the Smartrac MEP."  *Id*. ¶¶ 34-38.  Plaintiff additionally alleges he was terminated from Neology in 2022 "after inquiring about the status of his interest in a separate management equity program offered directly with Neology."  *Id*. ¶ 40.  After his termination, he was similarly informed his MEP with Neology had zero value.  *Id*. ¶ 42.

## II. LEGAL STANDARDS

A defendant in state court may remove a civil action to federal court so long as that case could originally have been filed in federal court.  28 U.S.C. § 1441(1); *City of Chi v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997).  Removal of a state action may be based on either diversity or federal question jurisdiction.  *City of Chi*, 522 U.S. at 163; *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Generally, removal statutes are strictly construed, and removal jurisdiction is to be rejected in favor of remand if there are doubts as to the right of removal.  *Nev. v. Bank of Am. Corp.*, 672 F.3d 661, 667 (9th Cir. 2012).

## III. DISCUSSION

In his motion to remand, Plaintiff argues the Court lacks jurisdiction because there is not complete diversity between the parties, and Defendant has failed to establish the

amount in controversy exceeds the jurisdictional threshold.  Mot. at 4-6.  Defendants make three arguments in response: (1) Plaintiff improperly filed a diversity-destroying amended complaint after removal, which should be disregarded; (2) Defendants have an alternative basis for jurisdiction under 9 U.S.C. §§ 203, 205 (the "New York Convention" or the "Convention"); and (3) Defendants have satisfied their burden to establish the amount in controversy.  Oppo. at 5-12  The Court concludes the Plaintiff's amendment was proper and the Defendants have not successfully established an alternative basis for jurisdiction.  Based on these conclusions, the Court need not reach Defendants' third argument.

### A. Plaintiff's Amended Complaint

Defendants first argue Plaintiff was required to seek leave of the Court under 28 U.S.C. § 1447(e) before filing a diversity destroying amended complaint.  Oppo. at 5.  Because Plaintiff did not secure leave of the Court, Defendants argue the amended complaint should be disregarded for jurisdictional purposes.  Oppo. at 5-8.  Plaintiff responds he was not required to seek leave to file an amended complaint because his amended complaint was filed within the deadline under Federal Rule of Civil Procedure ("Rule") 15(a).  Reply at 2.  Alternatively, Plaintiff argues joinder is proper even under the Section 1447(e) analysis.

Regarding which rule to apply, both sides cite persuasive legal authority from in and out of this circuit.  Several district courts in California have noted there is a current circuit split regarding whether to apply Rule 15(a) or Section 1447(e) in these circumstances, a split not yet resolved by the Ninth Circuit.  *See McGrath v. Home Depot USA, Inc.*, 298 F.R.D. 601, 606 (S.D. Cal. 2014) (noting circuit split and applying § 1447(e) to timely post-removal amendment); *Blowers v. Ford Motor Co.*, 2018 WL 654415 at *2-3 (C.D. Cal. Jan. 18, 2018) (noting circuit split but concluding Rule 15(a) applicable).

Ultimately, the Court need not weigh in on this split because it determines joinder is proper under either standard.  Plaintiff amended his complaint within twenty-one days

after service of J.P. Morgan's motion to dismiss, which places the amendment within the bounds of Rule 15(a).  Under *Blowers* and other courts applying Rule 15(a), the analysis would end here.[1]

Under section 1447(e), some courts weigh six factors when determining whether to permit joinder of a non-diverse defendant after removal: (1) whether the new defendants should be joined under Rule 19(a) as "needed for just adjudication"; (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice plaintiff.  *Armstrong v. FCA US LLC*, 19-cv-1275-DAD-SAB, 2020 WL 6559232 at *3-4 (E.D. Cal. Nov. 9, 2020) (citation omitted).  "Any of these factors might prove decisive, and none is an absolutely necessary condition of joinder."  *Cruz v. Bank of N.Y. Mellon*, No. 12-cv-846-LHK, 2012 WL 2838957 at *4 (N.D. Cal. July 10, 2012) (quotation marks omitted).

*1. Whether New Defendants Should be Joined under Rule 19(a)*.  Defendants argue that joinder of additional defendants does not meet this first factor because, "Plaintiff seeks only money damages, which could be fully satisfied by JPMC."  Oppo. at 7 (citation omitted, cleaned up).  However, "Although courts consider the standard set forth in Rule 19 in determining whether to permit joinder under Section 144(3), amendment

---

[1] "The plain language of 28 U.S.C. Section 1447(e) indicates that the statute applies when a plaintiff 'seeks to join additional defendants' after removal and the addition would destroy subject matter jurisdiction.  As the Supreme Court has stated, to 'seek' mean to 'ask.'  *See Williams v. Taylor*, 529 U.S. 420, 431 (2000) (Courts give words in a statute their ordinary, contemporary, common meaning, absent an indication Congress intended them to bear some different import.)  Plaintiffs did not 'seek' leave to amend under Rule 15(a)(2); rather, they amended their Complaint as a matter of course under Rule 15(a)(1), which does not required leave of court."  *Blowers*, 2018 WL 654415 at *3.

under [Section] 1447(e) is a less restrictive standard[.]" *Avellanet v. FAC US LLC*, CV 19-7621-JFW-KSx, 2019 WL 5448199 at *2 (C.D. Cal. Oct. 24, 2019) (citation omitted, alteration in original).  Accordingly, "[t]he standard is met when failure to join [a party] will lead to separate and redundant actions[,]" and "the standard is not satisfied when defendants are only tangentially related to the cause of action or would not prevent complete relief." *Avellanet*, 2019 WL 5448199 at *2.  However, as noted in *Armstrong*, this determination is made "[r]egardless of who Plaintiff could ultimately recover from[,]" as long as a valid claim is stated against the newly joined defendants.  *Armstrong*, 2020 WL 6559232 at *5 (quoting *Malijen v. Ford Motor Co.*, No. 20-cv-1217-JBG-KKX, 2020 WL 5934298 at *2 (C.D. Cal. Aug. 20, 2020)).  Here, Plaintiffs claims are centered around two fraudulent schemes involving the alleged participation of multiple Defendants.  The Court cannot consider them "only tangentially related" to Plaintiff's causes of action.  This factor weighs in favor of joinder.

*2. Statute of Limitations*.  Defendants argue all of Plaintiffs claims accrued in 2017 and are barred by the statute of limitations.  Oppo. at 7.  Plaintiff argues the statute of limitations for his claims should be tolled.  Reply at 3-4.  If tolling can be applied, this would not preclude Plaintiff from filing a new case in state court.   Without determining the merits of Plaintiff's tolling arguments, which Defendants do not address, the Court finds this factor neutral.

*3. Unexplained Delay in Joinder*.  Defendants argue Plaintiff unnecessarily delayed filing the FAC because Plaintiff "knew or should have known the facts and theories raised by the amendment in the original pleading."  Oppo. at 7 (citing *Baker v. Nutrien Ag Solutions, Inc.*, 21-cv-1490-DAD-SKO, 2022 WL 3142065 at *5 (E.D. Cal. Aug. 5, 2022)).  Plaintiff responds by indicating at least part of the delay filing the FAC was due to allowing Defendants additional time to respond to the complaint post-

removal.  Reply at 4.[2]  Plaintiff also argues delay in filing the FAC did not prejudice Defendants.  *Id*.  Plaintiff does not specifically explain why the additional Defendants were not included in his original complaint.  Plaintiff states the FAC was filed in response to Defendant J.P. Morgan's motion to dismiss to "further clarify existing claims" and "ensure complete satisfaction[.]"  Reply at 5.  Ultimately, the Court finds this factor neutral.

    *4. Whether Joinder Is Solely Intended to Defeat Jurisdiction*.  Defendants argue because the facts and theories alleged in the FAC were "available to Plaintiff when he filed the initial Complaint[,]" his subsequent FAC destroying diversity "strongly suggest[s] that plaintiff's sole motivation…is to defeat federal subject matter jurisdiction."  Oppo. at 8 (citing *Baker*, at *7).[3]  Plaintiff responds by pointing to the "Doe" defendants contained in his original complaint as evidence that he believed additional culpable parties existed which may require joinder in the future.  Reply at 4.  Plaintiff argues Defendants have failed to overcome a presumption that a plaintiff's sole motive was not to defeat federal jurisdiction.  *Id*.  Noted in *Armstrong*, "Courts have permitted joinder even where the plaintiff appears primarily motivated by a desire to defeat diversity jurisdiction, as long as the plaintiff has alleged a valid claim against the non-diverse defendant."  2020 WL 6559232 at *7.  Ultimately, the Court concludes this factor tips in favor of joinder.

---

[2] *See* ECF No. 3 (Joint Motion to Extend Time to File Answer, moving answer deadline from November 24, 2023 to January 5, 2024); ECF No. 4 (Order Granting Joint Motion).

[3] Defendants also allege in a declaration that Plaintiff's counsel stated an intention to file "an amended complaint that destroys diversity because Plaintiff prefers to litigate [] in state court."  ECF No. 29-1, Decl. of Paul Ferak ¶ 3.  Plaintiff's counsel "strongly dispute[s]" this characterization and denies making such a statement.  ECF No. 35-1, Decl. of Kevin Potere ¶ 4.  Given the conflicting nature of the declarations, the Court will not consider them; however, counsel are reminded of their duty of candor to the Court.

*5. Validity of Plaintiff's Claim(s) Against Non-Diverse Defendant(s)*. "For the purposes of joinder under § 1447(e), a plaintiff's claim needs to be facially viable—the claim need not be plausible nor stated with particularity." *Armstrong*, at *8 (citing *Dordoni v. FAC US LLC*, No. 20-cv-1475-JGB-SHK, 2020 WL 6082132 at *5 (C.D. Cal. Oct. 15, 2020)). Defendants argue Plaintiff's claims against all Defendants, including the new non-diverse Defendants, are "meritless" for several reasons, including being barred by the statute of limitations and subject to a binding arbitration clause. Oppo. at 8. However, Defendants do not point to specific deficiencies in the FAC, nor address Plaintiff's tolling arguments. *See Armstrong* at *8. Regarding the arbitration clause, other courts have found similar arguments do not render such claims *facially* invalid. *Id*. at *9 ("[A]sserting [arbitration clause] defense does not render plaintiff's [claim] facially invalid.") (citing *Lee v. Ford Motor Corp*., No. 19-cv-10170-AB-FFM, 2020 WL 2835748 at *3 (C.D. Cal. May 29, 2020)). The Court ultimately finds this factor weighs in favor of joinder.

*6. Prejudice to Plaintiff*. Defendants argue because none of the additional claims appear valid, there would be no prejudice to Plaintiff. Oppo. at 8. Plaintiff responds that these claims are valid, and he would be prejudiced by being forced to engage in piecemeal litigation in different forums. Reply at. 5. "Where claims against parties sought to be joined in an action arise out of the same factual circumstances, it is in the economic benefit of all parties and the judicial system to have the entire controversy adjudicated only once[.]" *Avellanet*, 2019 WL 5448199 at *4 (quotation omitted, cleaned up). As the Court does not find Plaintiff's additional claims facially invalid, the Court concludes this factor weighs in favor of joinder.

Ultimately, the Court finds the balance of factors weigh in favor of permitting joinder and allowing the FAC to stand. Given both parties agree diversity is destroyed by joinder of the new defendants, without an alternative basis, the Court would lack subject matter jurisdiction.

**B. Alternative Basis for Jurisdiction**

Defendants argue even if the Court were to find diversity jurisdiction lacking, the Court has an alternative basis for jurisdiction under the New York Convention. Oppo. at 11-12. Defendants argue because Plaintiff's claims center around investment loan agreement and a release subject to an arbitration clause falling under the New York Convention, jurisdiction in this Court would be proper even absent diversity jurisdiction. *Id*. at 13-17. Plaintiff responds that Defendant J.P. Morgan removed this case solely on diversity jurisdiction grounds, and accordingly cannot now allege a new, alternative basis for jurisdiction. Reply at 7. Additionally, Plaintiff notes that removal under the Convention would require the consent of all Defendants, making jurisdiction on this basis speculative. *Id*.; *see also* Oppo. at 17-18 ("If the action is remanded because diversity jurisdiction no longer exists, *some or all* Defendants will simply remove the action again under the Convention[.]") (emphasis added). The Court notes both complaints reference the agreements containing the arbitration clause. Additionally, prior to Plaintiff filing the FAC, Defendant J.P. Morgan moved to compel arbitration, citing the arbitration clauses contained in the relevant loan and termination agreements. *See* ECF No. 5 (motion to compel). Defendant J.P. Morgan does not explain why jurisdiction under the Convention could not have been raised at the time of original removal. Regardless, the Court concludes speculation regarding the future decisions of Defendants and their rights to remove under the Convention is not a sound basis for jurisdiction today.

**IV. CONCLUSION**

Defendants have not carried their burden to demonstrate this Court maintains jurisdiction. The Court **GRANTS** the Plaintiff's motion to remand and **REMANDS** this case back to the San Diego County Superior Court.

IT IS SO ORDERED.

Dated: July 24, 2024

_____
HON. ROGER T. BENITEZ
United States District Judge